Nov. Term,
1856.

THE INDIAN-
APOLIS & CIN-
CINNATI RAIL-
ROAD CO.
V.
KINNEY.

---

THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.*
KINNEY.

Where oral testimony is embodied in a bill of exceptions, an appellate court will indulge presumptions favorable to the decision below; but where a cause was tried upon an agreed case in writing, no such presumptions arise.

A statute in derogation of common right, and highly penal in its character, is not to be applied to cases not clearly within its provisions.

At common law, proprietors of land are not bound to fence against each other—each being bound to keep his cattle on his own land.

A railroad company will not be compelled, by the act of *March* 1, 1853, to pay for stock running at large, killed or injured at a place on their road where a fence ought not to be erected.

The open space in front of a mill, necessary for the convenience of shipment, is such a place.

Proof that the killing or injury occurred at, or near the mill, brings the case *prima facie* within this rule, and puts it upon the plaintiff to show that it occurred at a place where a fence would not be improper.

*Thursday,
January 8,
1857.*

APPEAL from the *Shelby* Court of Common Pleas.

GOOKINS, J.—This action was brought before a justice of the peace by *Kinney* against the *Indianapolis and Cincinnati Railroad Company*, to recover the value of a hog killed by the defendants. The justice gave judgment for the plaintiff for 10 dollars and costs. On appeal to the Common Pleas, there was a trial by the Court, finding for the plaintiff for 20 dollars, new trial

refused, and judgment for that amount, and a docket
fee of five dollars and costs.

The cause was tried upon an agreed state of facts, as
follows:

"It is agreed by the parties in this case, that the
plaintiff was the owner of the hog in the complaint
mentioned, and that said hog was of the value of 10 dol-
lars; that said hog was on the defendants' railroad track
between the rails, near *Sally's* steam mill; and that
whilst said hog was upon said railroad track, the de-
fendants' locomotive of their passenger train, in charge
of a servant of said defendants, ran over and killed said
hog. And it is admitted and agreed that said plaintiff
was not the owner of any land nearer than one hundred
and fifty yards to any part of the defendants' railroad
track. It is also agreed that said hog, together with
other hogs of the plaintiff, long before and at the time
said hog was killed, had been and was, with the know-
ledge of the plaintiff, running at large at and about
said steam-mill and railroad track, where said hog was
killed; and that said steam-mill was within fifty feet of
the center of the defendants' railroad track. It is also
further admitted and agreed that the defendants were
and are the owners in fee simple of the land for forty
feet upon each side of the center of the track of their
railroad where said hog was run over and killed. And
it is also further admitted and agreed that the said rail-
road track was not fenced at the place where said hog
was run over and killed, or for some distance above and
below."

Oral testimony, embodied in a bill of exceptions, rarely
presents to the mind of an appellate Court precisely
the impression that it may have made upon the mind of
a court or jury trying the cause, for the reason that
neither the precise language nor the manner of witnesses
is committed to writing. Hence, an appellate court
should indulge in presumptions favorable to the deci-
sion below. But where a cause is tried upon an agreed
case in writing, an appellate court has neither more nor

Nov. Term,
1856.

THE INDIAN-
APOLIS & CIN-
CINNATI RAIL-
ROAD CO.
v.
KINNEY.

less evidence on which to act than the inferior court had; and they must weigh it as if they were trying the case originally.

An act approved *March* 1, 1853, (Laws of 1853, p. 113), gives jurisdiction in cases of this kind to justices of the peace. The second section requires the justice to give judgment for the value of the animal destroyed or injured, without regard to the question whether such injury was the result of wilful misconduct, negligence, or unavoidable accident. The third section provides, that on appeal, if the judgment be not reduced 20 per cent., the appellate court shall give judgment for double the amount of damages assessed, and for a docket fee of five dollars. The fourth section provides, that the act shall not apply to railroads securely fenced.

This act is not to be applied to cases not clearly within its provisions. It is in derogation of common right, and highly penal in its character. At common law, proprietors of land are not bound to fence against each other, but each is bound to keep his cattle on his own land. *Williams* v. *The New Albany and Salem Railroad Company*, 5 Ind R. 111. It is clear, therefore, that the plaintiff had no right to permit the animal to go at large, and remain on the defendants' road. In the *Lafayette and Indianapolis Railroad Company* v. *Shriner*, 6 Ind. R. 141, it was held that if the injury occurred at a place where a fence ought not to have been erected— as at the crossing of a street—this act would not govern the case. We are of the opinion that the agreed case shows that this injury occurred at a place where a fence would have been improper. The locality is first described as being "near *Sally's* mill." This would not have been sufficient to take the case out of the statute; but there is the further statement that "said hog, together with other hogs of the plaintiff, long before and at the time said hog was killed, had been and was with the knowledge of the plaintiff, running at large at and about said steam-mill and said railroad track where said hog was killed, and that said steam-mill was within fifty

feet of the centre of the defendant's railroad track." Weighing this testimony by the rule we have already laid down, the reasonable inference from it is, that the animal was killed very near the mill, and, from the distance, fifty feet, being given, probably directly opposite. If there is uncertainty in this the plaintiff should have removed it; for the proof that the injury occurred "near, at, and about the mill," made a *prima facie* case against him, if such a place was improper to be -fenced.

Nov. Term, 1856.

SPIVEY
v.
THE STATE.

Steam-mills, we believe, are rarely if ever enclosed. The necessity of approaching them with teams of all descriptions, and of having a considerable open space about them, is apparent; and especially the 50 feet between the mill and the road would require to be kept open for the convenience of transhipments. We think it would be manifestly unreasonable to require that such a place should be fenced.

DAVISON, J., being a stockholder in the company, was absent.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. J. Peaslee*, for the appellant.

*J. Harrison,* for the appellee:

