## CHAPIN *v.* THE SULLIVAN RAILROAD.

Under the statutes of New-Hampshire, requiring railroad corporations to erect and maintain good and sufficient fences on both sides of their track, they are bound to erect and maintain such fences only against cattle rightfully running against them, and not against cattle trespassing either upon the lands of adjoining owners or upon their own tracks.

Railroad corporations are not liable to the owners of lands adjoining their roads for damages committed on those lands by cattle wrongfully permitted by their owners to run at large in the highway, and thence escaping upon the railroad track, and from thence, through defects of the fences of the railroad, upon the lands of such adjoining owners.

CASE, to recover of the defendants damages alleged to have been committed to the plaintiff's grass and crops

growing upon his lands, adjoining the defendants' railroad, by cattle trespassing thereon, in consequence of the neglect of the defendants to erect and maintain suitable fences upon both sides of their track. The action was referred to a commissioner, who made the following report of the facts proved before him; and the case was submitted to the decision of the court upon that report:

" 1. That there is a highway crossing the plaintiff's said close, running in a northerly and southerly direction ; and that said railroad also runs in nearly the same direction, and crosses said highway on the plaintiff's close, and leaves the close in two fields, one called *The Rye Field*, and the other *The Pasture.*

2. That a part of each of said fields is upon the line of the railroad, and the remainder of each is upon the line of the highway.

3. That during all the time of which the plaintiff complains in his writ, the defendant failed to support a suitable fence on the line of the railroad, to protect the plaintiff's fields adjoining it from cattle.

4. That during all such time the plaintiff suffered a portion of the fence to each of said fields and adjoining the highway to be prostrate and out of repair, so as to afford no protection against the encroachments of cattle.

5. That the defendants built and repaired their fence on the railroad adjoining said fields, before the plaintiff built and repaired his fence on the highway.

6. That the cattle by which the plaintiff suffered his damages were permitted by their owners to run upon the highway ; that the evidence tended to prove that though they might pass directly from the highway to the Rye Field, yet in point of fact they sometimes passed from the highway to the railroad and thence into the Rye Field, and that this would be the most natural and probable course for cattle to enter said field ; and that in entering the pasture they would most naturally enter it directly

from the highway, though they might pass from the highway to the railroad, and thence up the railroad and into the pasture.

7. That if the plaintiff is entitled to recover on the above facts, he should recover ninety-three dollars and fifty-nine cents (93.59) damages to the *Rye Field*, and seventy-nine dollars and fifty cents (79.50) as damages to the *Pasture*, and interest on said sums from the date of the writ, and costs, taxed before the commissioner at $32.40 ; the defendants' costs taxed at $0.75."

*Stoughton & Grant*, (with whom was *Webster*) for the plaintiff, referred to *Dean* v. *The Sullivan Railroad*, 22 N. H. 316; *Cornwall* v. *The Sullivan Railroad*, 28 N. H. 161; Comp. Laws 351; *Godfrey* v. *Jay*, 20 Eng. Com. Law 187; *Paul* v. *Slason & al.*, 22 Vt. 237; *Laflin* v. *Willard*, 16 Pick. 67; *Woods* v. *Varnum*, 21 Pick. 165; *Glezen* v. *Rood*, 2 Met. 490; 2 U. S. Digest 1, sec. 4; Chitty on Contracts 878; *Marzette* v. *Williams*, 20 Eng. Com. Law 541; *Woolson* v. *Northern Railroad*, 19 N. H. 269 ; *White* v. *Concord Railroad*, 30 N. H. 207; *Root* v. *Hunter*, 7 Eng. Com. Law 13.

*Wheeler & Faulkner*, for the defendants.

FOWLER, J. This action is brought to recover damages which the plaintiff claims to have sustained to his lands adjoining the track of the defendants' railroad, by reason of the neglect of the defendants to erect and maintain sufficient fences between their railroad and those lands. The report of the commissioner finds the damages to have been occasioned by the ravages of cattle permitted by their owners to run at large upon the public highway, and which escaped from the highway upon the defendants' railroad, and thence into the plaintiff's rye field, one of the tracts

of land to recover damages for injury to which this suit is brought.

It is quite clear, upon the authority of numerous decisions in this State as well as elsewhere, that the cattle mentioned by the commissioner were wrongfully upon the highway, and wrongfully upon the defendants' railroad; and therefore, so far as the damages to the rye field are concerned, the case distinctly raises the question, whether or not a railroad corporation is responsible for the damages occasioned to the owner of lands adjoining their road, by the depredations of cattle wrongfully upon their track, and escaping therefrom into the lands of such adjoining owner, in consequence of their neglect to erect and maintain sufficient fences between their railroad and those lands.

As respects the damages to the plaintiff's pasture, we are aware of no principle on which, under the state of facts found by the commissioner, the plaintiff can fairly claim to compel the defendants to pay him the amount thereof. The commissioner not only fails to find that the cattle committing the injury ever entered the plaintiff's pasture from the defendants' railroad, but he does expressly find that they would most naturally thus enter directly from the highway, and not by passing first over the defendants' railroad. The inevitable conclusion, therefore, from the report of the commissioner, would seem to be, that the damages to the pasture were committed by cattle which their owners suffered to run at large in the public highway, and which passed directly from that highway upon the plaintiff's land, so that the neglect of the defendants to erect and maintain sufficient fence between their railroad and this portion of the plaintiff's lands, in no way, directly or indirectly, contributed to the injury there sustained by the plaintiff.

In relation to the damages to the rye field, as before suggested, the simple question is, does the obligation of

the railroad corporation to erect and maintain a sufficient and lawful fence on each side of their track, imposed by the statute, [Rev. Stat., ch. 146, sec. 6; Comp. Laws 351; *Dean* v. *The Sullivan Railroad*, 22 N. H. 316] bind them to the erection and maintenance of such fences only against cattle rightfully running against them, or against all cattle, even those trespassing on the adjoining lands, or upon their own track? We are entirely satisfied that only the former liability is imposed by the statute.

At common law the proprietor or tenant of land was not obliged to fence it. Every man was bound to keep his cattle upon his own premises at his peril, and he might do this in any manner he chose. *Dovaston* v. *Payne*, 2 H. Black. 527; *Rust* v. *Low*, 6 Mass. 90, 99; *Jackson* v. *Rutland and Burlington Railroad*, 25 Vt. 157, 158; *Wells* v. *Howell*, 19 Johns. 385; *Man. & Lincolnshire Railway* v. *Wallis*, 25 Eng. L. & E. 373; *Morse* v. *Rutland & Burlington R. R.*, 27 Vt. 49; *Lafayette & Indiana Railroad* v. *Shriner*, 6 Porter 141; *Woolson* v. *Northern Railroad*, 19 N. H. 267; *Indiana & Cincinnati R. R.* v. *Binney*, 8 Ind. 402.

It has long been well settled, that where the owners of adjoining lands are bound by prescription, agreement, or the provisions of a statute, to maintain partition fences, they are obliged to maintain them only against animals rightfully upon the adjoining closes, and not against cattle trespassing thereon. Same authorities cited above, and also *Lord* v. *Wormwood*, 29 Maine 282.

So, too, where the owner of land is obliged by prescription or statute to maintain a fence against a highway, he is obliged to maintain it only against cattle rightfully upon the way. Same authorities, and *Stackpole* v. *Healey*, 16 Mass. 33.

These principles have been repeatedly affirmed by the courts of this State, [*Avery* v. *Maxwell*, 4 N. H. 36; *York* v. *Davis*, 11 N. H. 241; *Page* v. *Olcott*, 13 N. H. 399,] and they seem to us as applicable to railroad corporations, con-

sidered as the tenants of their road-way, as to other land-holders. In *Lawrence* v. *Combs*, 37 N. H. 331, where the various authorities were carefully collected and fully examined, it was held that the defendant was not responsible for damages occasioned to the plaintiff's crops, by cattle escaping from the highway, where they were running at large, upon the defendant's land, and from thence, through an insufficient fence which the defendant was bound to maintain, upon the land of the plaintiff, notwithstanding the provisions of section 12 of chapter 136 of the Revised Statutes, that " the party neglecting to build or keep in repair any partition fence which he is bound to maintain, shall be liable for all damages arising from such neglect, and shall have no remedy for any damage happening to himself therefrom." It would seem quite clear that there could be no stronger or more extensive liability upon a railroad corporation, implied from the obligation to maintain fences, than is expressed in relation to adjoining land-owners in the explicit and forcible language of the statute we have quoted. We can conceive of no sufficient reason why, if land-owners, bound by statute to support partition fences, and expressly made responsible for all damages happening to adjoining owners by reason of their neglect to do so, are held to be only responsible for damages occasioned by cattle rightfully running against such fences on the one side and the other, railroad corporations should be held to another and a different rule.

The question before us has, however, as we think, been substantially determined in several reported decisions in this State, as well as elsewhere.

In *Woolson* v. *The Northern Railroad*, 19 N. H. 267, it was held that a railroad corporation was not liable for damages done by their engines and cars to cattle which escaped from the highway upon the railroad track, because

such cattle, while thus upon their track, were wrongfully trespassing upon the corporation.

In *Towns* v. *The Cheshire Railroad*, 21 N. H. 363, it was expressly decided that railroad corporations were not bound under the statute to make or keep fences, except against the lands of adjoining owners, and cattle rightfully thereon, and not against cattle escaping from a highway and trespassing upon the track of the railroad.

In *Cornwall* v. *The Sullivan Railroad*, 28 N. H. 161, it was determined that railroad corporations were required by statute to maintain sufficient and lawful fences on the sides of their roads, for the protection of the adjoining land-owners and all those who were rightfully in possession of the adjoining lands, except where they had settled with and paid those adjoining owners for building and maintaining such fences, but that they were under no obligation at common law, or by statute, to fence their roads for the benefit of trespassers.

The like doctrine has been held in other jurisdictions. Thus, in *Perkins* v. *The Eastern Railroad*, 29 Me. 307, it was decided that railroads were not bound under the statute of Maine, similar to that of New-Hampshire on the same subject, to build and maintain fences on the line of their road through common and unenclosed lands.  So in *Picketts* v. *The East & West India & Birmingham Junction Railway*, 12 Eng. Law & Equity 520, it was held that the defendants were not liable to maintain fences against cattle trespassing on a close adjoining their road.  In this last case it was expressly said, by Chief Justice *Jervis*, in delivering the opinion of the court, that the act of Parliament requiring railroad companies to fence their roads, had imposed upon them just the same liability as by law existed upon the owners of adjoining lands in regard to maintaining partition fences between themselves, and no other. In this opinion all the other judges concurred.  And in *Hurd* v. *The Rutland & Burlington Railroad*, 25 Vt. 124, it

is said, " the defendants, under the provisions of the act [requiring them to fence both sides of their road] are required to build and maintain a fence for the purpose of keeping the cattle of owners of adjacent lands from the premises and track of the road." Again, in *Jackson* v. *The Rutland & Burlington Railroad*, 25 Vt. 151, Chief Justice *Redfield* says: " This enactment [the provision requiring them to maintain fences] only places the defendants in the position of an adjoining proprietor." See Redfield on Railways, (2d ed.) 375, 376, and notes.

We have, therefore, no hesitation in holding, that, under the existing statutes of this State, railway companies are only bound to maintain fences on both sides their track for the benefit of the owners and rightful occupants of adjoining lands, to prevent the cattle of such owners or occupants from escaping from the adjoining lands upon the track of their roads and there getting killed, or wandering astray, and to protect the crops, grass, herbage and other productions of such adjoining lands, from the depredations of animals rightfully upon the railroad track. If, for example, the cattle rightfully upon an adjoining close should escape upon the railroad track, by reason of the neglect of the railroad to construct and maintain a sufficient fence between their track and such adjoining close, they would be rightfully there, and the railroad corporation responsible not only for any injury done them by their own trains, but for any damages done to the crops of any other adjoining close into which they might escape by reason of like negligence of the corporation in neglecting to erect and maintain a lawful and sufficient fence between their road and such other adjoining close, as well as for any loss or damage happening by reason of such cattle straying upon the highway or elsewhere. But railroad corporations are not bound, any more than individual landowners, to erect and maintain fences against cattle trespassing either upon lands adjoining their roads or upon

their own tracks ; nor are they responsible for injuries accidentally happening to cattle trespassing on their tracks, or for the depredations committed by such cattle so trespassing on their tracks, and thence escaping upon adjacent lands, although they might not have thus escaped or committed those depredations but for the neglect of the corporation to maintain sufficient fences.

. Entertaining these views, we are of opinion that the plaintiff cannot sustain his action for any portion of the damages claimed by him, and there must be judgment for the defendants upon the commissioner's report.

*Judgment for the defendants.*