This action was instituted by Theresa C. Staton against the Pittsburgh, etc., R. Co. to recover damages.
It is averred in her first paragraph of complaint that she was the owner of a mule which strayed upon the defendant's railroad, and that the defendant negligently ran its locomotive and cars against and over the mule, and by reason thereof the mule was killed. *Page 212 
It is averred in her second paragraph of complaint that the defendant had failed and neglected to construct and maintain a fence and cattle-guard sufficient to prevent stock from going upon its right of way and tracks where a certain public highway crosses the railroad; and that by reason of the fact that there was no sufficient fence and cattle-guard "at said point where said mule entered upon said right of way and railroad," the mule was killed by the defendant's locomotive and train of cars.
The defendant filed an answer in two paragraphs. Trial by the court without a jury resulted in a finding for the plaintiff in the sum of $125. Judgment accordingly. The assignment of error challenges the action of the court in overruling the motion for a new trial.
The undisputed evidence establishes the following facts:
The defendant's railroad runs north and south through the unincorporated town of Henryville. The right of way is about sixty feet wide. The road there consists of a main track, a side track and a spur. The median line of the main track coincides with the median line of the right of way. The side track and spur are on the west side of the main track. On the east side of the main track is the station. Between the main track and the station is a stone platform about twelve feet wide, the top of which is level with the top of the steel rails of the main track. The platform extends the full length of the station and about sixty feet beyond either end of the station. The platform, except in front of the station, is about fifteen feet wide. About sixty feet north of the north end of the platform, the railroad crosses a stream known as Wolf creek. Along the east line of the right of way, parallel therewith and abutting thereon, runs a public highway. The space *Page 213 
between the platform and this highway is used as a driveway by the patrons of the railroad. The west line of this highway coincides with the east line of the station. East of this highway and abutting thereon lies the plaintiff's farm. Her residence is just across the highway from the station and her barn is somewhat north and east of her residence. About sixty feet south of the south end of the platform is another highway, extending east and west, which runs into, but does not cross, the highway first mentioned. There was no fence on the east line of defendant's right of way from Wolf creek to the north end of the platform, although that distance could have been fenced without interfering with the use of the right of way.
The platform was used constantly by passengers in getting on and off trains, and by trainmen in loading and unloading baggage, freight and express. That part of the platform extending north of the station and that part extending south of the station were used mainly by shippers as a place for loading and unloading their wares. No fence could have been erected and maintained on the east line of the right of way from the north end of the platform to the station, nor from the south end of the platform to the station, without seriously interfering with the proper use of that part of the defendant's property devoted to station purposes. There was no fence and no cattle guards on either side of the highway which intersects the right of way south of the station.
About seven o'clock of the evening of March 27, 1916, the plaintiff put her mule in the barn and securely fastened the door with a chain and a bolt. In some unknown manner, the mule escaped from the barn in the nighttime, crossed the highway, and entered upon the defendant's premises. As evidenced by its footprints, which were plainly visible the next morning, the animal *Page 214 
entered upon the railroad ground at a point about thirty feet north of the station, and there crossed over the platform and main track. It then walked southward between the main track and the side track to a point about twenty feet north of the intersecting highway, at which point it was struck by a southbound train and killed. The locomotive dragged the body of the mule to a point about thirty feet south of the highway.
The statutory provisions imposing upon every railroad company the duty to fence its right of way are in some respects quite indefinite. § 5436 et seq. Burns 1914. However, in the 1-3. light of the decisions, it is clear that the defendant (the appellant here) was not required to fence at the place where the mule entered upon the right of way.Indianapolis, etc., R. Co. v. Kinney (1856), 8 Ind. 402;Indiana, etc., R. Co. v. Quick (1887), 109 Ind. 295;Cleveland, etc., R. Co. v. Vincent (1915), 60 Ind. App. 476. To entitle the plaintiff (the appellee here) to recover, she must adduce evidence tending fairly to prove that the mule entered upon the right of way at a place where the defendant was under a duty to fence and that the defendant had failed to discharge that duty. If there was a failure to fence at some other place, that fact is wholly immaterial. There must have been a causal connection between a failure to fence and the entry of the mule upon the right of way. Chicago, etc., R. Co. v. Ramsey
(1907), 168 Ind. 390, 120 Am. St. 379.
The finding is contrary to law for the reason that there is no evidence to support it.
The judgment is reversed, and the trial court is directed to grant a new trial.
McMahan, J., not participating. *Page 215