CASSEL, Administrator, *v.* CASE and Others.

Persons not parties to a judgment cannot maintain proceedings to review it or set it aside.

The widow and heirs of a decedent cannot maintain proceedings to have letters of administration revoked, and a sale of the decedent's lands set aside, on account of alleged fraud and collusion in the recovery of a judgment, to which they were not parties, and for the payment of which the sale was made.

APPEAL from the *Tippecanoe* Court of Common Pleas.

DAVISON, J.—*Christian Cassel*, administrator of *Lorenzo Westgate*, deceased, filed a petition in the Common Pleas, representing that there was no personal property belonging to the estate of the intestate; that the claims against his estate on file in said Court, and admitted by the administrator, amount, in the aggregate, to 800 dollars; that he died seized of certain real property (describing it), and at his death left *Marietta Westgate*, now *Marietta Case*, his widow, and *William R.* and *Mary Westgate* his heirs at law. The relief sought was, that the lands be sold and made assets, &c. The widow and heirs being non-residents of the state, were notified by publication; the lands were appraised, and other legal proceedings having been had in the cause, the Court, at its *September* term, 1855, made an order directing said lands to be sold, and the proceeds thereof to be made assets in the hands of the administrator, for the payment of debts, &c.

After the rendition of this order, viz., on the 22d of *December*, 1855, the Court being then in session, the widow and heirs appeared and filed their petition, alleging, *inter alia*, that the application of the administrator which re-

sulted in the order to sell, &c., was founded on a judgment for 798 dollars, obtained in said Court against the intestate's estate by one *Thomas Benbridge*, by fraud, in this, that the intestate, at his death, was not indebted to *Benbridge* in any sum whatever, nor was he a creditor of said estate; that he procured *Cassel* to become administrator for the mere purpose of procuring said judgment without opposition; and that the same was procured upon an account and note filed in said Court on the 26th of *April*, 1855, which is as follows:

"Estate of *Lorenzo Westgate*, deceased, to *Thomas Benbridge*, Dr:

| | | |
|---|---:|---:|
| 1836. To your half the purchase-money advanced you for the purchase of two and a-half acres of land adjoining the town of *Lafayette*, at 800 dollars ................................$400 | 400 | 00 |
| 1836. To your half the purchase-money advanced you for the purchase of the east half of northeast quarter of section 7, township 23 north of range 3 west, at 300 dollars ................ | 150 | 00 |
| To your proportion of taxes paid on above land, from 1836 to 1854 inclusive ................ | 55 | 36 |
| To taxes paid for you on forty acres of land in *Warren* county, from 1836 to 1854 inclusive... | 15 | 58 |
| To amount of note, dated *October* 12, 1840, for 97 dollars, 65 cents—less credit 3 dollars, 93 cents.. | 93 | 72 |
| To interest on the same 93 dollars, 72 cents, from date to *July* 1, 1855 ........................ | 83 | 19 |
| Balance due ..........................$798 | 798 | 35 |

The note reads thus—

"*Lafayette*, *October* 12, 1840. One day after date, I promise to pay to the order of *Thomas Benbridge*, 97 dollars, 60 cents, value received on settlement.

[Signed]          "*L. Westgate.*"

Indorsed—" Credit, *January* 1, 1843, 3 dollars, 93 cents."

This account was verified by the affidavit of *Benbridge*. It is averred that no evidence was offered or given to the Court in support of the claim, save the affidavit of *Ben-*

*bridge* appended to the account, and the testimony of one *Mix*, who testified that the intestate had left this state in the year 1840, and had not, within the knowledge of witness, been within this state since that time; that the petitioners had no knowledge of the granting of the letters of administration on the intestate's estate, or of the rendition of said judgment, or of the proceeding to sell said real estate, until the last few days; and it is further averred that the whole of the above claim, at the time it was filed, was barred by the act of limitations of *Illinois*, of which state the intestate, at the time of his death, was, and for several years prior thereto had been, a citizen. The prayer is that *Cassel* and *Benbridge* be made defendants, &c.; that the letters of administration granted to *Cassel* be set aside; that the judgment in his favor be reviewed, reversed, and annulled; and that the order directing the sale of the land be vacated, &c.

Defendants, at the proper time, moved to reject the petition; but their motion was overruled, and thereupon they answered—

1. That they deny all fraud charged against them.

2. As to so much of the petition as relates to the statute of limitations, they say that the debt was contracted in this state; that the several causes of action stated in the account are not, nor is either of them, within the act of limitations of this state, and they deny that the statute of limitations of any other state has anything to do with this case.

Upon final hearing, the Court refused the prayer of the petition, &c.

It may be noted that the case stated in the petition is rested exclusively upon the ground that the judgment against the administrator was unjustly and irregularly obtained. Unless, then, the petitioners had a right to have the judgment so obtained reviewed and set aside, they were not entitled to any of the relief sought by their petition.

The appellees insist that the petitioners had no right to such review. The statute says: "Any person who is a

party to any judgment, or the heirs, devisees, or personal representatives of a deceased party, may file in the Court where such judgment was rendered, a complaint for a review of the proceedings and judgment, at any time within three years next after the rendition thereof." 2 R. S. p. 165, § 586.

This enactment at once shows that the petitioners not being parties to the judgment which they seek to review, were not entitled to the relief sought. Whether, upon the case made by the petition, they could sustain a suit against the administrator and his sureties on his bond, is a question not before us. It is, however, evident that, in the proceeding before us, they have misconceived their remedy.

*Per Curiam.*—The judgment is affirmed with costs.

*E. H. Brackett* and *J. O'Brien*, for the appellant.

*R. C. Gregory*, for the appellees.

