DAVIDSON
v.
LINDSAY.

*Friday,
May 31.*

---

DAVIDSON *v.* LINDSAY.

The proceedings upon a guardian's petition for the sale of the real estate of his ward are *ex parte* in their character, and hence a suit will not lie by the ward to review a judgment rendered therein.

*Friday,
May 31.*

APPEAL from the *Fulton* Common Pleas.

DAVISON, J.—This was a proceeding in the *Fulton* Common Pleas, to review a judgment of the same Court, rendered at the *January* term, 1854. *Geo. B. Lindsay,* a minor, by his next friend, &c., was the plaintiff below, and *Stephen Davidson,* the defendant. The complaint alleges, substantially, these facts: At the *October* term, 1853, *Lot N. Bogarth,* the then guardian of the minor, filed a petition in said Court for the sale of certain real estate belonging to his ward, representing therein, that the minor's personal property had been

exhausted in the payment of taxes, schooling, &c. That his real estate, as described in the petition, is wild and unimproved, and produced nothing available for the sustenance and education of the minor; and that he, the guardian, desired to invest the proceeds of such real estate in railroad stock, believing that the avails of an investment of that kind could be realized, when most needed for the education and maintenance of the minor. The relief prayed, was that an order of sale be granted, for the purposes indicated in the petition; but no order to sell *at private sale* was prayed for; nor was any reason suggested why such *private sale* should be allowed. On October 11, 1853, the real estate in question was duly appraised at $400, and on the same day the guardian executed a bond with surety, conditioned as in such cases required by law. And thereupon the Court made an order directing the guardian to sell the real estate described *at private sale*, requiring one half the purchase money to be paid in hand, and the residue twelve months from the day of sale, and that the purchaser execute a note with approved security, as the statute requires. At the *March* term, 1854, the guardian reported that he had sold the said real estate to *Stephen Davidson*, the present defendant, for $800, in the capital stock of the *Cincinnati, Peru, Laporte and Chicago Railroad Company;* which sale was approved by the Court, and the guardian directed to make a deed to the purchaser. And such deed was afterward, on *October* 6, 1854, duly made and reported to the Court. But no notice of the sale was ever given by the guardian.

It is averred that the defendant, pursuant to the sale, took possession of the premises, and still continues to hold them, unlawfully keeping the plaintiff out of possession; and that the same are worth $600, when, in point of fact, the railroad stock received in payment by the guardian, though, on its face it purports to be worth $800, is really of no value whatever. The following are the errors assigned on this complaint for a review: 1. The Court erred in ordering the land to be sold at private sale, no reason for such sale appearing in the record. 2. No provision is made for reasonable notice of such sale. 3. The Court erred in approving

May Term,
1861.

DAVIDSON
v.
LINDSAY.

May Term, the sale, because no notice of sale was ever given by the
1861.    guardian.  4. The sale should not have been approved,
DAVIDSON  because the premises were not sold for money, but exchanged
v.      for railroad stock.  And the plaintiff demands judgment, in
LINDSAY.  this case, that the order directing the sale, and also the order
confirming the sale and ordering a deed to be made, be
reversed, &c. · The defendant demurred to the complaint,
but the demurrer was overruled, and he excepted; and the
Court, "for the causes set forth in the complaint," ordered
that the several orders of the same Court, made at the
*January* term, 1854, be reversed, &c.

There are assigned three causes of demurrer, one of which
is, "that the Court had no jurisdiction." Upon this assign-
ment arises the only question in the case.  The proceeding
before us is evidently based upon the statute authorizing
"Proceedings to review Judgments." Section 586 of that
statute says: "Any person who is *a party to any judgment,
or the heirs, devisees, or personal representatives of a deceased
party*, may file, in the Court where such judgment is ren-
dered, a complaint for a review of the proceedings and judg-
ment, at any time within three years next after the rendition
thereof.  Any person under legal disabilities, may file such
complaint at any time within three years after the disability
is removed." 2 R. S., p. 165.

As has been seen, the proceedings which resulted, in this
instance, in the sale and conveyance of the real estate, name
no party save the guardian; they were what the law denomi-
nates "*ex parte*." It is however insisted, that when *Davidson*
purchased the land, claimed the benefit of his purchase, and
accepted the deed made under the orders of the Court, he
became a party to the proceeding, and is responsible for its
regularity.  We are not inclined to adopt that construction.
But whether it is correct or not, can not in any degree vary
the result in this Court; because it is the person who files
the complaint for the review who must be "a party, or the
heir, devisee, or personal representative of a deceased party,"
to the proceedings sought to be reviewed. *Cassel* v. *Case*,
14 Ind. 393.  Here, *Geo. B. Lindsay* was the person who
filed the complaint for review; but he was no party to the

proceeding under which the real estate was sold and conveyed. The statute makes such proceedings "*ex parte;*" requires the guardian to institute them (2 R. S., pp. 325–326), and does not contemplate the necessity of any party other than such guardian. It follows, therefore, that the complaint was not properly before the Common Pleas, and the demurrer was well taken.

*Per Curiam.*—The judgment is reversed, with costs.

*H. P. Biddle* and *R. G. Shryock,* for the appellant.

*D. D. Pratt,* for the appellee.