Rindge *v.* Rindge.

RINDGE *v.* RINDGE.

NEW TRIAL—DIVORCE.—*A* sued for and obtained a divorce from his wife, *B*, for reasons alleged, and held by the Court to be sufficient, and asked that certain property might be set off to her, which the Court consented to and did order. · Afterwards, at the same term at which the divorce was granted, and the order made, he moved the Court for a new trial, for other reasons of which he was not cognizant when the decree and order were made, and which would have enabled him, if known and disclosed, to have obtained the divorce without letting her have the property.

*Held*, that, under the circumstances of the case, the motion for a new trial was correctly overruled.

APPEAL from the *Wayne* Common Pleas.

HANNA, J.—In *April*, 1862, *Isaac Rindge*, the appellant, sued for a divorce from his wife *Matilda;* alleging that they had been married for over twenty years; "that for two or three years last past she had regarded him with hatred and aversion; that she has during that time been ill-tempered and quarrelsome, and that she is and has been for many years in the habit of constantly using profane language; that she, some two months ago, declared that she was determined to separate from the plaintiff and her children, and refused to listen to his remonstrances against such a course of conduct, but declared that she had been for years resolved and would delay that step no longer; that she did thereafter, to-wit, in *April*, abandon her house and declared that she never would return." The plaintiff further averred that such abandonment was utterly without cause, but that because of incompatibility of temper and disposition they could not again live together; that finding she was determined to leave him, and being unwilling to see her depart, without any means of support, he had given her certain personal property, and made a deed to certain real estate described in an agreement, made

between the parties, which is set forth; and prayed that the Court in its decree would adjudge that said real estate be taken and held as the property of said *Matilda.*

In answer, she filed the general denial. The Court, upon the hearing, decreed a divorce, and that the property named should be held, &c., by her. The decree was entered on the third day of the *May* term, to-wit: on the 14th day of *May,* 1862. Afterwards, on the 23d day of said term, to-wit: on the 6th day of *June,* the parties again appeared, and the plaintiff made a motion for a new trial, and filed reasons therefor, as follows:

1. Said plaintiff was induced to consent to and procure said decree by the fraud and deceit of said defendant, as shown by the affidavit of the plaintiff and of *Edwin R. Kirk,* filed herewith.

2. Said judgment was obtained through accident and surprise of the plaintiff, as shown by the said affidavits herewith filed.

3. Said plaintiff has discovered new and material evidence for him, which he could not, &c.

And the plaintiff specially moves the Court to set aside that part of said judgment which makes provision as to the property of the plaintiff, and for a new trial as to it, for the reasons Nos. 2 and 3 aforesaid, and also for the reason that said agreement and deed, and said order of the Court, were procured by the fraud and deceit of the defendant, as shown by the affidavits filed.

The affidavit of the plaintiff professes to set forth the circumstances which controlled his action, in applying for the divorce, to-wit: That, prior to the 29th of *March,* 1862, he and his wife had lived as amicably together as her unhappy temper would permit, and he had no thought of seeking a divorce; that on that day, she, for the first time, informed him that she designed leaving him, and wished him to consent

Rindge *v.* Rindge.

that a divorce might be granted; that he tried to change her determination, but she became violent and apparently much deranged in body and mind, and produced the impression on his mind that she was insane, and threatened to destroy her life unless he would consent to a divorce, and convey to her certain property; that believing she would do violence to herself unless he would accede he did consent, and entered into the within agreement, produced on the trial for a divorce, as to the disposition of the property, &c., which was entered into solely to prevent the suicide threatened, and under the belief that she had always been true to him; that pursuant to said agreement she was about to apply for a divorce, but was advised by her counsel that she had no grounds to proceed; he then, at her solicitation, made the application and obtained the decree herein; and on the faith of her acts and representations aforesaid, delivered the personal property and deed in the agreement named; that after said decree he discovered for the first time that her partial insanity was feigned, for the fraudulent purpose of obtaining the property and his consent to a divorce, and that she had on the 24th day of *November,* 1861, and on divers other days and times since, been guilty of adultery with one *Edwin R. Kirk,* which facts he did not know, and could not have sooner discovered with reasonable diligence; that if he had known said facts he would not have consented to said decree, &c.; that upon another trial he will prove her fraud and adultery; that they both remain unmarried, and have no marriage contract.

The affidavit of said *Kirk* was filed, in which he deposed to said adulterous intercourse, at divers time, at the house of said plaintiff, at the "instance of said *Matilda.*"

The Court overruled the motion for a new trial.

The only question in this case is whether that ruling was correct.

It was intimated in *Wooley* v. *Wooley,* 12 Ind. 663, that un-

der our code of procedure the statutory modes pointed out had superseded, where they differed from the old chancery practice in reference to obtaining relief from judgments, &c. In *McQuig* v. *McQuig*, 13 Ind. 294, the same doctrine is more positively asserted; and that the portion of the statute regulating applications for new trials should govern proceedings for relief from judgments obtained by fraud. If this is the correct view of our present practice, under the code, it follows that the application is in the proper form, in the case at bar, the substance of the ground for a new trial, as presented, being fraud upon the part of the adverse party in procuring the consent of the plaintiff to the rendition of the judgment. The only question then is, whether the facts presented make a case in which the applicant is entitled to the relief prayed. Our statutes have been considered very liberal on the subject of severing the marriage ties; and yet we believe a proper construction thereof would·exclude a woman, unless under peculiar circumstances, from a right to alimony, in an instance in which her husband might obtain a divorce because of her adultery. In the case at bar the husband obtained a divorce, whether rightfully or not we are not called·upon to say, upon grounds other than adultery of the wife.

The statute is that "the Court shall make such decree for alimony in all cases contemplated by this act as the circumstances of the case shall render just and proper." Sec. 19, 2·G. & H. 353; acts 1859, p. 109. Whether the Court, upon the case made, would have decreed any alimony, and if so how much, we can not say; because the record shows that the decree conformed to, and was in accordance with, the agreement of the parties. Should the Court have granted a new trial to the husband, the plaintiff and prevailing party, because of the alleged fraudulent conduct of the wife? We are of opinion that the Court decided correctly in refusing a new trial. It is evident that the separation and application

Rindge *v.* Rindge.

for the divorce were the result of previous agreement of the parties; whether the action of the Court in giving judicial sanction to such an agreement was in strict accordance with our views of correct judicial proceedings, is a point we are not called upon to decide. All we do decide is that, under the circumstances disclosed, the plaintiff does not, in our opinion, stand in a position to obtain relief from a judgment thus rendered. He obtained a divorce from his wife for reasons alleged and held by the Court to be sufficient and in his complaint asked that certain property might be set off to her, which the Court consented to order. He now says there were other reasons, of which he was not cognizant, which would have enabled him, if known and disclosed, to have obtained the divorce without letting her have the property. As the record stands, the divorce was granted for her fault, and as before stated, we do not know whether the Court, in the absence of the agreement, would have given alimony or not. As the plaintiff voluntarily agreed, notwithstanding that, to suffer the decree for the property to go against him, we think the Court did right to refuse a new trial and to wash its hands of the whole transaction as quickly as possible.

*Per Curiam.*—The judgment is affirmed, with costs.

*Bickle & Burchenal,* for the appellant.

*J. B. Julian* and *Holland & Kibby,* for the appellee.