*B. F. Claypool, J. M. Wilson* and *L. Sexton*, for appellees.

---

DE ARMOND and Others *v.* ADAMS and Another.

PRACTICE.—JUDGMENT ON INSUFFICIENT SERVICE.—A defendant desiring to be relieved from a judgment by default, upon the ground that the return to the summons shows an insufficient service upon him, should move in the court in which the judgment was rendered to set aside the judgment. The objection cannot be taken in the first instance in the Supreme Court.

SAME.—To meet the objection to the sufficiency of the service, it is competent for the plaintiff to move to have the return corrected.

JUDGMENT.—A stranger to a judgment, as he could not be admitted to reverse it or set it aside, may in a collateral suit show that it was obtained by fraud.

APPEAL from the *Jennings* Circuit Court.

GREGORY, J.—*Adams*, as guardian of the heirs of *Hanway*, filed his complaint in the court below, in *July*, 1864, against *Thomas DeArmond, Joseph DeArmond, Louisa J. DeArmond, Sanford Elliott, John E. Robins, Robert Armstrong, William Perkins* and *Omer Tousey*, to foreclose a mortgage executed by *Thomas* and *Louisa J. DeArmond* to *Perkins*, to secure the payment of a note of $500, payable to *Perkins* as guardian of the *Hanway* heirs, and a note of $400, payable to *Perkins* in his own right. In *August*, 1859, one *Crissman*, who was then the owner in fee, mortgaged a portion of the land embraced in the mortgage in suit to *Thomas DeArmond.* In *September*, 1860, *Crissman* conveyed to him by warranty deed, the land he had before mortgaged, together with other land included in the mortgage in this suit, in satisfaction and discharge of the mortgage debt from *Crissman* to *DeArmond.* In *January*, 1861, the mortgage in suit was executed, embracing the land conveyed by *Crissman* to *DeArmond.* There were several notes secured by the mortgage from the former to the latter, one of which was held by *Elliott*, and others by *Tousey.* On the 21st of *November*, 1861, *Elliott* filed his complaint in the *Jennings* Common Pleas against *Crissman* and *Tousey*, to foreclose the mortgage from *Crissman* to *DeArmond*, and at the *November* term of that year obtained a decree, and upon an order of sale issued thereon the mortgaged premises were sold on the 6th of *January*, 1862, to *Robins* and *Armstrong*, and *Tousey* assigned to them his interest therein. The complaint charges that at the time *Elliott* and *Tousey* took the *Crissman* notes and mortgage, they knew that the debt secured thereby had been satisfied and paid; that at the time suit was brought by *Elliott* against *Crissman* and *Tousey*, and when judgment was obtained thereon, and when the sale was made to *Robins* and *Armstrong*, and when *Tousey* made his assign-

ment to them, all these various parties had notice that the mortgage debt had been paid; and that the decree and sale thereunder were fraudulent and. void as against the *Hanway* guardian. The suit was dismissed as to *Tousey.* *Perkins* answered, setting up his note, secured by the mortgage, and a judgment was rendered by default as to the other defendants. *Thomas, Louisa J.* and *Joseph De-Armond, Elliott, Robins* and *Armstrong* assign errors against *Adams* and *Perkins*: 1. That a decree and judgment by default was taken against the appellants without any sufficient service of process. 2. That the decree is contrary to law, and the judgment invalid and against law and equity. 3. That the judgment and decree, so far as it undertakes to make void a judgment of the *Jennings* Common Pleas, is invalid and contrary to law.

It is urged that the service of process on *Elliott* was insufficient. The sheriff returns that he "served the process by leaving a certified copy of the original." The affidavit of the sheriff who served the process on *Elliott* is filed in this court, in which he swears that the copy was left " at *Elliott's* usual and last place of residence," and a motion is made in this court to amend the return. The true practice in such a case is for both parties to go to the court below, the defendant to move to set aside the judgment by default, which may be met by the plaintiffs' motion to amend the sheriff's return.

It is claimed that the Circuit Court had no power to declare the decree of the Court of Common Pleas fraudulent and void as to *Adams* and *Perkins*. The. cases of *Woolley* v. *Woolley*, 12 Ind. 663, *McQuigg* v. *McQuigg*, 13 Ind. 294, and *Rindge* v. *Rindge*, 22 Ind. 31, are relied on to sustain this position. These were all cases in which the party seeking to set aside the judgment was a party to the record. In the case in judgment, *Adams* and *Perkins* were not parties to the proceedings in the Common Pleas Court. The true rule on this subject was stated by Lord Chief Justice WILLES in *Prudam* v. *Phillips*, cited by Chief Justice SHAW in *Greene*

v. *Greene*, 2 Gray 361. He said that "whatever objections would avoid a judgment in a court of common law, would be sufficient to overturn a sentence in the spiritual court, but none others. That fraud was a matter of fact, and if used in obtaining a judgment was a deceit on the court, and hurtful to strangers, who, as they could not come in to reverse or set aside the judgment, must of necessity be admitted to aver it was fraudulent." If the decree of the court below is wrong for the second error assigned, the remedy of the party injured is not by appeal to this court, but by proceedings to review the judgment. 2 G. & H., § 587, p. 280.

The appeal is dismissed, with costs.

*J. S. Scobey*, for appellants.

*E. W. Kimball*, for appellees.