ADKINS v. NICHOLSON.

JURISDICTION.—*Circuit Court.—Court of Common Pleas.*—The circuit court has the power and jurisdiction to set aside and declare void, as fraudulent, a judgment recovered in the court of common pleas, upon the complaint of a creditor of the judgment defendant, such creditor not being a party to said judgment.

APPEAL from the Monroe Circuit Court.

PETTIT, J.—The only question in this case is, has the circuit court the power and jurisdiction to set aside and declare void, for fraud, a judgment of the common pleas court; at the instance and on the complaint of an injured creditor of the fraudulent judgment defendant, such creditor not having been a party to the fraudulent judgment? We answer the question in the affirmative. The case of *De Armond* v. *Adams*, 25 Ind. 455, is directly and conclusively in point with the case before us. Under the code, relief can be had against a fraudulent judgment, confessed for the purpose of defeating an honest creditor, in the same suit in which the judgment is sought for itself. *Harker* v. *Glidewell*, 23 Ind. 219; *Feaster* v. *Woodfill*, 23 Ind. 493. A stranger to a judgment may attack it in a collateral proceeding for fraud used in obtaining it. *Lee* v. *Back*, 30 Ind. 148.

We deem it unnecessary to cite further authorities, or make any additional remarks or reasoning of our own.

The judgment is affirmed, at the costs of the appellant.

BUSKIRK, C. J., having been engaged as counsel for Thomas

Moore, who was a defendant below, but does not join in this appeal, declined to sit in the case.\*

*P. C. Dunning* and *J. W. Buskirk*, for appellant.

*N. Van Horn, R. W. Miers, J. S. Harvey,* and *F. J. Mattler*, for appellee.

\*Petition for a rehearing overruled.