## HARBAUGH v. HOHN ET AL.

FRAUD.—*Action to Set Aside Fraudulent Judgment.*—*Pleading.*—Where, in a proceeding to foreclose a mortgage on land, judgment had been fraudulently taken for a larger amount than was due, the plaintiff in a subsequent judgment, which was a lien on the same land, not a party to such foreclosure suit, might maintain an action to set aside such judgment of foreclosure as void, and it was not necessary that his complaint should set out a complete record of the foreclosure suit.

From the Hamilton Circuit Court.

*D. Moss* and *F. M. Trissal*, for appellant.

*J. W. Evans* and *R. R. Stephenson*, for appellees.

DOWNEY, J.—The appellees Hohn and Bates sued the appellant, Charlotte Harbaugh, and others. They allege in their complaint, in substance, that they had recovered a judgment, before a justice of the peace, for sixty-seven dollars and eighty-seven cents, against Francis M. Harbaugh and Spencer Hubble; that an execution thereon had been issued and returned no property found, and that they had caused a transcript of the judgment to be filed, etc., in the clerk's office, which had become a lien on real estate of Francis M. Harbaugh; that said Charlotte Harbaugh held a mortgage on the same real estate of an older date and prior lien; that she foreclosed her mortgage, and, combining with said Francis M. to defraud plaintiffs, fraudulently took judgment, by

default, for four hundred and twenty-four dollars and forty-five cents, when there were only one hundred dollars due her. It is alleged that said real estate is all the property the debtors, or either of them, had subject to execution, and that there are other judgments, which are liens on said property, to the amount of two hundred and fifty dollars; that the real estate is not worth more than six hundred dollars, and that the property is about to be sold on the foreclosure judgment, etc. Prayer, that the judgment of foreclosure be declared void, etc.

A demurrer to the complaint was filed by the defendants, on the ground that the same did not state facts sufficient to constitute a cause of action, and it was overruled by the court.

An answer, consisting of a general denial, was filed, and there was a trial by the court, and finding and judgment for the plaintiffs.

The error assigned is the overruling of the demurrer to the complaint.

Counsel for appellant submit, that if the plaintiffs have any remedy, it is in some of the proceedings authorized for the purpose of reviewing judgments; and they cite *Quick* v. *Goodwin*, 19 Ind. 438. That case is not in point here. There the party who filed the complaint was a party to the judgment attacked. Here the complainants were not parties to the judgment. One not a party to a judgment or in privity cannot sustain a complaint to review. 2 G. & H. 279, sec. 586; *Owen* v. *Cooper*, 46 Ind. 524.

Section 17 of the statute of frauds, 1 G. & H. 352, is as follows:

"All conveyances or assignments in writing or otherwise, of any estate in lands, or of goods, or things in action, every charge upon lands, goods, or things in action, and all bonds, contracts, evidences of debt, judgments, decrees, made or suffered with the intent to hinder, delay, or defraud creditors, or other persons of their lawful damages, forfeitures, debts, or demands, shall be void as to the person sought to be defrauded."

The same law that allows a judgment creditor to file a complaint to set aside a fraudulent conveyance of land by the debtor, on which his judgment is a lien, before he sells the land on execution, should be held to authorize him to sustain a complaint to set aside incumbrances fraudulently placed upon the land to protect it from the just claims of creditors. The statute quoted expressly declares judgments suffered by the debtor, to defraud creditors, void, and we think it is proper to allow the judgment creditor to sustain a complaint to clear them away before he proceeds to sell the land. Whether the fraudulent act of the debtor be a deed, a mortgage, or a judgment, it seems to us that, in either case, the creditor may have the same set aside before a sale of the land. *Adkins* v. *Nicholson,* 39 Ind. 535; *DeArmond* v. *Adams,* 25 Ind. 455; *Harker* v. *Glidewell,* 23 Ind. 219; *Feaster* v. *Woodfill,* 23 Ind. 493. It can make no difference whether the judgment is by confession or by default.

It is submitted by appellant, that the plaintiffs should have caused themselves to be made parties to the foreclosure suit, and contested the amount of the claim asserted against the property by her in that action. We cannot think that there is any good ground for this position. The complaint, the sufficiency of which we are considering, does not show that the plaintiffs in this action had any notice of the pendency of the action, and they were not even parties thereto.

It is further submitted, that the complaint should have brought before the court a complete record of the foreclosure suit, and that it is insufficient for that reason. This is the rule applicable to complaints to review judgments. There is a reason for this, which is, that in such proceeding the court sits as a court of errors, in some sense, and should have the entire record before it. But we are not aware that the same rule applies to a complaint to set aside a false and fraudulent judgment, at the suit of creditors. We see no good reason for applying such a rule in that kind of cases.

The judgment is affirmed, with costs.