WHISNAND, ADMINISTRATOR, ET AL. *v.* SMALL ET AL.

DECEDENTS' ESTATES.—*Petition by Creditor for Sale of Land to Pay Debts.*— The petition of a creditor of a decedent's estate, under section 78, 2 R. S. 1876, p. 523, for the sale of the decedent's real estate to pay debts, need not aver that the administrator has refused to act in the matter.

SAME.—*Sale to be made by Administrator.*—The sale in such case, if ordered, must be made by the administrator and not by the creditor.

SAME.—*Administrator may Redeem from Sale on Foreclosure.*—Real estate sold on foreclosure against the heirs of a decedent may be redeemed by the administrator, even though he was not a party to the foreclosure.

SAME.—*Abandonment of Title by Compromise.*—*Tax Deed.*—*Sheriff's Deed.*— *Answers to Interrogatories.*—On a petition by a creditor of an insolvent decedent's estate, under said section 78, one of the defendants was a creditor who claimed title to the real estate in question under a tax deed, a sheriff's deed on foreclosure of a mortgage executed by the decedent, and also under a decree rendered in an action by him against the administrator, heirs and certain creditors of the decedent, to quiet title based on such sheriff's deed and tax deed, to which action the petitioning creditor was not a party. On the trial of the petition the jury, with their general verdict for the petitioner, found specially that the administrator had paid into the clerk's office the sum necessary to redeem from such sheriff's sale ; that, after the year of redemption, the action to quiet title was brought, and, by agreement, the administrator withdrew the redemption money, the plaintiffs therein paid him a certain sum for the other creditors, the tax deed, sheriff's deed and all debts due the plaintiff from the estate were declared satisfied, and the title to the real estate in question was quieted in the plaintiff ; and a decree reciting such agreement was entered accordingly. *Held*, that the plaintiffs, by such compromise, abandoned their title under such deeds and rested the same on the decree.

*Held*, also, that such decree did not bind the petitioner.

Whisnand, Administrator, *et al. v.* Small *et al.*

*Held*, also, that the answers to interrogatories supported the verdict.

SAME.—*Sale in solido.*—*Land Susceptible of Division.*—A sheriff's sale *in solido* of lands susceptible of sale in parcels can not ordinarily be upheld.

From the Monroe Circuit Court.

*C. F. McNutt, B. E. Rhoades, J. W. Buskirk, H. C. Duncan, S. H. Buskirk* and *J. W. Nichol,* for appellants.

*J. H. Louden, M. F. Dunn* and *F. Wilson,* for appellees.

BIDDLE, J.—Petition by the appellees, as creditors of the estate of Frederick F. Butler, deceased, under section 78 of the decedents act, 2 R. S. 1876, p. 523, to sell real estate.

This section provides, that "Any creditor, upon filing a petition therefor, verified by his affidavit, setting forth the amount of the personal estate, the insufficiency of such personal estate to pay the debts outstanding, a description of the real estate of the decedent, the names and ages of the heirs and legatees, if they are known, and, if not known, so stating, may have an order for the sale of such real estate by such executor or administrator, under the same regulations as hereinbefore provided in case of an application to sell real estate by an executor or administrator."

The administrator, the widow and heirs were made defendants to the petition, and also William A. Gabe and Martha A. Buskirk, who claimed some interest in the land. The widow disclaimed, and the heirs were defaulted. The administrator, Gabe and Martha A. Buskirk demurred to the petition for want of sufficient facts; their demurrer was overruled, and exceptions reserved. They then filed an answer of five paragraphs, to which demurrers were overruled, and the appellees excepted. A reply in several paragraphs was filed, rulings upon demurrers to them had, and issues of facts joined. A trial by jury, and a general verdict returned in favor of the appellees. Besides the general verdict, the jury found certain facts, in answer to special interrogatories, which, in a narrative form, may be stated as follows:

That the appellees are creditors of the estate of Butler,

deceased; that he left personal assets of the value of one thousand nine hundred and thirty-eight dollars and sixty-four cents; that he died the owner of the real estate in controversy, describing it; that he left no other real estate, except what was partitioned to the widow; that the value of the real estate in controversy, in November, 1873, was eight thousand dollars; that its present value is eight thousand dollars; that the amount of legal claims against the estate is eight thousand six hundred and twenty-nine dollars and four cents; that the defendants alleged to be heirs in the petition, naming them, are the only heirs of said Frederick F. Butler, deceased; that John C. Whisnand, as administrator of the estate of Butler, paid to the clerk, for the use of George A. Buskirk and William A. Gabe, the sum of one thousand and six dollars, for the purpose of redeeming said real estate from a sheriff's sale, sold on an order of sale in the case of a judgment in favor of Jonathan Hinkle, against the heirs of said Butler, which said property was purchased by said Buskirk and Gabe; that said sale took place January 6th, 1872; that said administrator paid said redemption money to the clerk December 24th, 1872; that it was withdrawn November, 1873; that it was not so withdrawn against the consent of any of the creditors; that, to the question, " Did any of the creditors assent to the compromise and withdrawal of the redemption money?" the answer was, " Yes;" that Gabe, Buskirk and the administrator were aware of the condition of Butler's estate as to solvency, and of paying the money to the clerk to redeem the land from said sale; that said real estate was divisible into two or more parcels without damage to the owner, so as to be sold in parcels instead of the whole; that the reasonable value of each parcel was as follows: the corner brick four thousand dollars, post-office building two thousand seven hundred dollars, meat store eight hundred dollars, and the dwelling on Sixth

street one thousand five hundred dollars; that the amount of the debts due to Buskirk and Gabe, from the estate of Butler, and settled by the compromise of November, 1873, was five thousand five hundred and thirty-eight dollars and sixty-five cents; that the amount of taxes on said property, paid by Buskirk and Gabe, was seven hundred and forty-six dollars and thirty cents; that the amount of the Hinkle judgment was one thousand and six dollars; that the amount due on the Vawter judgment, at the time of the compromise, was one thousand two hundred and eighty-six dollars and thirty-five cents; that Buskirk and Gabe paid the administrator in money, on the compromise, for the creditors of Butler's estate, two thousand five hundred dollars; that the compromise of November, 1873, was made in good faith by the administrator of Butler's estate, but it was a fraud as to creditors.

A motion for a new trial, and also in arrest of judgment, were overruled, and exceptions reserved.

Decree, ordering the sale of the real estate to pay the claims of appellees, as creditors of the estate of Butler.

The appellants discuss the following questions: While they admit that the petition "contains all the requisite averments of a petition of an administrator for the sale of real estate to pay debts, in addition to the averments which are directed solely against Buskirk and Gabe," yet they insist that it is insufficient, because it does not contain an additional averment that the administrator failed or refused to act in the matter. They think this averment is necessary to give the creditor the right to file the petition.

The statute does not seem to us to require such an averment. The sale is not to be made by the creditor, but by the executor or administrator, under the same regulations as if the executor or administrator had applied. We can not see the necessity for any more averments in a petition

by a creditor, than in one by an executor or administrator, where the sale must be made in the same manner, and by the same person, in both instances. We think the petition is sufficient. This reasoning also disposes of the motion in arrest of judgment, which was properly overruled.

The appellants also moved for judgment in their favor, on the special findings, notwithstanding the general verdict, because they are inconsistent therewith; but we can see no such inconsistency. On the contrary, it seems to us that they support the general verdict in every particular.

But the appellants base their claim of ownership of the property in dispute upon three grounds:

1. That they had purchased said property at a tax sale for seven hundred and forty-six dollars and thirty cents, and had received a deed therefor;

2. That, prior to the death of Butler, he had mortgaged the property in dispute to Jonathan Hinkle, who had, subsequently to the death of Butler, obtained a foreclosure of the mortgage; that, at the sale under the decree, Buskirk and Gabe had purchased the property, and received a certificate of purchase, and subsequently a deed from the sheriff for the same;

3. That Buskirk and Gabe are the owners of the property by virtue of the compromise of a suit pending in the Monroe Circuit Court, which compromise had been confirmed by a decree of the court rendered thereon.

These defences were all put in issue by the pleadings,—which excused us from stating them any more particularly in the premises of the case,—and tried by the jury.

We will notice the appellants' title to the property by the compromise and decree first, as we think it materially affects the title by the tax deed, and by the sheriff's sale also.

After the purchase of the property by Buskirk and Gabe at the tax sale, and also at the sheriff's sale, and while the money paid to the clerk by the administrator within the year to redeem the land from the sheriff's sale, remained in the hands of the clerk, and after the year had expired, Buskirk and Gabe brought their action to quiet their title to the land, making the administrator, Lawson E. McKinney, Milton J. Smith, and Thomas Mullikin, creditors of the estate, defendants thereto. This action was compromised by the parties substantially on the following basis :

1. The plaintiffs to have the property in controversy decreed to them, with the rents and profits, etc. ;

2. Liens held on the land by plaintiffs, whether for taxes or on judgments, to be deemed satisfied, and no further claim to be made for the same against the estate of Butler ;

3. The claims of Buskirk, which were not liens, were also to be deemed satisfied, and no further claim to be made therefor against the estate of Butler, whether held by assignment or otherwise ;

4. The plaintiffs to pay the administrator, on or before the 25th day of December, 1873, two thousand five hundred dollars, for which they executed their notes ;

5. The administrator to be allowed to withdraw the money from the clerk's office, there deposited by him to redeem the property in controversy from the sheriff's sale, the entry thereof by the clerk to be set aside and held for naught, and the costs to be paid by Butler's estate,—all of which was amicably decreed by the court.

We can not see what claim of title to the property in dispute the appellants can have under their tax deed, after they had released by the compromise the amount of taxes they had paid at the tax sale. Besides, there is no evidence in the record supporting the regularity of the tax

sale, nor the validity of the tax deed. For these reasons we think their claim of title under their tax deed is in- valid. And we think that the compromise, made while the redemption money was in the hands of the clerk, by releasing valid claims against the estate of Butler, and paying a large additional sum to the administrator, besides the money in the hands of the clerk, was an abandonment of all title under the purchase at sheriff's sale, and ren- dered the sale null and void.

But the appellants claim that the administrator, not be- ing a party to the judgment on which the sale was made, had no right to redeem the land. We·do not see the question in that light. The language of the statute is, that any owner of the land, his heirs, executors or admin- istrators, etc., may redeem the land at any time within one year from the date of the sale. 2 R. S. 1876, p. 220.

This leaves the title of the appellants to rest on the com- promise decree. How far this decree may be valid in favor of Buskirk and Gabe, against the administrator, the heirs, and the creditors of Butler's estate, who were made par- ties to it, we are not called upon to decide; but it seems to us that it constitutes no defence against the claims of the appellees, who are creditors of the estate of Butler, and were not parties to the compromise. An administrator and the heirs can not make any arrangement with a por- tion of the creditors of the estate, by which the assets can be diverted as to the shares of other creditors who are not parties to the arrangement, or by which the parties can be bound.

Upon this view of the case, whether the sheriff's sale could have been maintained if it had not been abandoned and annulled by the compromise, is a question we need not decide. The sheriff's return of the sale, which is set up in the answer of the appellants, informs us that he sold the whole of the property together; the finding of the

jury shows us that the property was susceptible of division into parcels without injury to its value, and that either one of two of the parcels was abundantly sufficient to pay the decree. Such a sale does not commend itself to a court; especially when property found by the jury to be worth eight thousand dollars was sold on a bid of nine hundred and sixteen dollars as in the present case. Perhaps the sale would have been void for this reason. See the authorities cited at the foot of this opinion. Nor are we called upon to decide whether the compromise was fraudulent as to creditors not parties to it. It is sufficient for this case that it does not bind the appellees, whether fraudulent or fair, as they were not parties to its terms.

We do not decide upon the various rulings presented in the record upon demurrers to the several paragraphs of reply, nor upon questions of evidence, nor upon the instructions given and refused by the court in reference to the several paragraphs of reply, further than to say we see no error in them, because the appellants had the whole benefit of their defence under their answer, without its contradiction or avoidance by the reply; and the jury have found, on sufficient evidence, we think, that it was not established. Thus, upon the whole record, it appears that the judgment is right, even though there might have been intervening error. In such cases the judgment can not be reversed.

The following authorities will support the various propositions approved in this opinion : *Reed* v. *Carter*, 3 Blackf. 376 ; *Spahr* v. *Hollingshead*, 8 Blackf. 415 ; *Doe* v. *Collins*, 1 Ind. 24 ; *Gavin* v. *Shuman*, 23 Ind. 32 ; *Wilson* v. *Lemon*, 23 Ind. 433 ; *Lashley* v. *Cassell*, 23 Ind. 600 ; *Catlett* v. *Gilbert*, 23 Ind. 614 ; *De Armond* v. *Adams*, 25 Ind. 455 ; *Goodrich* v. *Friedersdorff*, 27 Ind. 308 ; *Tyler* v. *Wilkerson*, 27 Ind. 450 ; *McEntire* v. *Brown*, 28 Ind. 347 ; *Holmes* v. *Bybee*, 34 Ind. 262 ; *Adkins* v. *Nicholson*, 39 Ind. 535 ; *Voss* v. *Johnson*, 41 Ind. 19 ; *Davis* v. *Langsdale*, 41 Ind. 399 ; *Gavin* v. *Graydon*, 41 Ind. 559 ; *Bardeus* v. *Huber*, 45 Ind.

235; *Hughart* v. *Lenburg*, 45 Ind. 498; *Harbaugh* v. *Hohn*, 52 Ind. 243; *Gossard* v. *Ferguson*, 54 Ind. 519; *Spath* v. *Hankins*, 55 Ind. 155; *Ward* v. *Montgomery*, 57 Ind. 276; *Goddard* v. *Renner*, 57 Ind. 532; *Bardeus* v. *Huber*, 60 Ind. 132.

The judgment is affirmed, at the costs of the appellants.

Petition for a rehearing overruled.