16,744

## CASE *v.* CASE ET AL.

APPEAL.—*Dismissal.*—*Appellant not a Party to Record.*—Where the record does not show that the appellant was ever a party in the case in which he filed a motion, from the decision on which motion he appeals, the appeal has no merit, and will be dismissed.

JUDGMENT.—*Collateral Attack.*—*Motion to Expunge Record and Refer Back to Master Commissioner.*—Where the bill of exceptions shows that on October 7th, 1887, a judgment was entered on the finding of the master commissioner, which report had been filed seven months prior thereto, and no exception is shown to have been made to the report, and an appeal not having been taken from the judgment, the judgment is not void, and is not subject to collateral attack.

From the Hamilton Circuit Court.

*G. Shirts* and *I. A. Kilbourne,* for appellant.

*J. F. Neal, J. A. Roberts* and *M. Vestal,* for appellees.

HOWARD, C. J.—The record in this case shows that on the 6th day of February, 1884, a complaint was filed in the court below, entitled as follows: "In the Hamilton Circuit Court, November Term, 1883. Peter Case *v.* Catherine Schwab, Albert R. Tucker, William Neal."

The complaint was to quiet title to certain real estate.

Numerous answers, cross-complaints, replies, and demurrers, with the rulings of the court, follow in the record.

It is then shown that on the 7th day of May, 1884, the following entry was made: "Come the parties, and by agreement this cause is referred to the master commissioner to try the case and report the evidence and find the facts and conclusions of law thereon."

The record next shows that on the 30th day of September, 1891, over seven years thereafter, the following motion was made:

Case *v.* Case *et al.*

"Vincent Case files herein his motion to expunge record and refer cause back to a master commissioner."

The motion was overruled and the ruling excepted to; after which a bill of exceptions was filed.

From the bill of exceptions, it appears, amongst other things, that, on March 7, 1887, the master commissioner filed his report; and that, "on the 7th day of October, 1887, the order book of this court shows that judgment was entered on the finding of the master in accordance therewith."

The only final judgment shown in the record, aside from that referred to in the bill of exceptions, is a judgment for costs against Vincent Case and in favor of William Neal, being the costs occasioned by the motion to expunge the record relating to the master's report.

We are of opinion that this record presents no question for our consideration.

In the first place, it does not appear who Vincent Case is, or why he should have filed a motion in an action brought over seven years previously by P·· ‾ ‾ ‾ ᵀ⊥ is only parties to an action, who may make motions therein; and there is nothing in this record that shows that Vincent Case was ever a plaintiff or a defendant in the action brought by Peter Case.

It appears, besides, from the bill of exceptions, that on October 7, 1887, judgment was entered on the finding of the master commissioner in the action brought by Peter Case. The report of the master had been filed seven months prior to the entry of the judgment. No exception is shown to have been made to the report; neither was any appeal ever taken from the judgment.

The court had jurisdiction of the subject-matter and of the parties. The judgment rendered is, therefore, not void, but stands good against any collateral attack.

The court, consequently, did not err in overruling ap-

pellant's motion "to refer said cause back to the master commissioner," even if appellant had any right to make such motion, which right he has not shown.

The appeal is without any merit, and is dismissed.

Filed May 9, 1894.