ROSENCRANZ v. TIDRINGTON.

[No. 23,773. Filed October 9, 1923.]

1. ATTORNEYS.—*Admission to Bar.—Qualifications.—Burden of Proof.—Statute.*—One of the necessary qualifications, under the constitution and the statute (Art 7, §21 Constitution, §§181, 997 Burns 1914), for admission to the bar is good moral character of the applicant, and, as to such issue, he has the burden of proof. p. 474.

2. ATTORNEYS.—*Admission to Bar.—Application.—Pleadings Unnecessary.*—An application for admission to the bar may be made orally or in writing, and may be opposed without filing any pleadings, from which it follows that any competent evidence may be introduced in opposition without pleadings of any kind. p. 474.

3. ATTORNEYS.—*Admission to Bar.—Moral Character.—Specific Acts.—Admissibility.*—In a hearing on an application for admission to the bar, evidence of specific acts of immorality or violations of law are admissible though not pleaded in opposition to the admission. p. 476.

4. ATTORNEYS.—*Admission to Bar.—Specific Acts of Immorality. Question for Jury.*—On a trial of an application to be admitted to the bar, whether specific acts of the applicant proved in opposition to the application show him not to be of good moral character is a question for the jury. p. 476.

5. EVIDENCE.—*Admissions.—In Federal Court.—Admissibility.*—Admissions made in a federal court by entering a plea of guilty therein are not rendered inadmissible by the fact that the federal court, in another case, to which the one making the admissions was not a party, had adjudged that the viola-

tion of the state law in the manner charged in the indictment to which the plea of guilty was entered was not an offense against the federal law. p. 477.

From Vanderburgh Circuit Court; *Robert W. Tracewell,* Judge.

Application by Ernest G. Tidrington for admission to the bar, opposed by Richard Rosencranz. From a judgment for applicant, the defendant appeals. *Reversed.*

*John D. Welman* and *Edmund L. Craig,* for appellant. *Daniel H. Ortmeyer,* for appellee.

EWBANK, J.—Appellee sought admission as an attorney at the bar of the Vanderburgh Circuit Court, but was opposed by appellant, a citizen of Vanderburgh County. Objections were sustained to different items of evidence offered by appellant for the declared purpose of proving that appellee had done certain unlawful acts, and to questions asked of appellee on cross-examination with the purpose of drawing from him admissions that he had transgressed the law by doing some of those acts and certain other acts. No objection was made on the ground that his answers might tend to incriminate him. But, in sustaining one of the objections, the trial judge, in the presence and hearing of the jury, made a statement as follows: "The court has given this question exceeding care, and has gone over it in every possible phase he could go over it, and the court has ascertained to his satisfaction that at the time the state constitution was adopted, and at the time the statute was passed, submitting the question to a jury, the law was well settled in this country and in England that as an important factor of proof the evidence was confined to general reputation. While it is not requisite to file pleadings in this case, it is proper, and if pleadings had been filed accusing the

applicant (appellee) of specific acts such proof might then be made, if specific acts could be proven. To call upon a man at the trial to refute acts of which no notice had theretofore been given him that such acts were to be proven would be an outrage on justice. Witnesses have been permitted to answer questions about what people say, but not to prove the truth of such statements; it is to prove that the applicant was of good or bad character, and to show that he either had or didn't have that information. For all these reasons the court feels perfectly satisfied in his rulings."

The appellant reserved proper exceptions, and duly presented each of these rulings for review by a motion for a new trial, specifying each of them as a cause for which a new trial was asked. His motion was overruled and he excepted, and has assigned that ruling as error. This sufficiently presents for consideration the question whether or not evidence of specific unlawful and immoral acts of an applicant for admission to the bar is admissible in opposition to his application, not having been charged in any pleading filed in the case, which appellant's brief says is the sole question for decision.

One of the necessary qualifications to entitle a person to admission to the bar is that he be of good moral character. Art. 7, §21 Constitution. By asking such admission, appellee put his own good moral character directly in issue and assumed the burden of proof as to that issue. *Ex parte Walls* (1880), 73 Ind. 95, 107, 108, 109.

An application for admission to the bar may be made by a mere oral motion, and may be sustained or opposed by evidence, without any written pleadings. Even in a civil action, where formal pleadings are required, any evidence tending to disprove a fact which the plaintiff has the burden of proving

may be introduced without being pleaded specially. And the mere fact that no answer had been filed charging appellee with having done the specific acts sought to be proved was not a sufficient cause for excluding the offered evidence, if it was otherwise competent. *Ex parte Walls, supra.*

What remedy a party might have in case of surprise at the introduction of evidence which he might hope to refute if given time to produce his witnesses is a question not before us. But it would be something else than the exclusion of pertinent evidence against him. See §§405, 419, 421, 585, cl. 3, Burns 1914, §§396, 410, 411, 559, cl. 3, R. S. 1881.

The courts have many times decided that where the good moral character of a person is directly in issue, as where plaintiff's right to recover depends on the existence of such good moral character, without which there can be no recovery, evidence of specific acts is competent to defeat the action. *Lyons* v. *State* (1876), 52 Ind. 426, 427; *Bills* v. *State* (1918), 187 Ind. 724; *Keiser* v. *Lines* (1877), 57 Ind. 431, 433; *Stockwell* v. *Brant* (1884), 97 Ind. 474, 476, 477; *Hardesty* v. *Hine* (1893), 135 Ind. 72, 76; *Wright, Admr.,* v. *City of Crawfordsville* (1895), 142 Ind. 636, 642; note 14 L. R. A. (N. S.) 692; Jones, Commentaries on Evidence §§151, 152; 4 Chamberlayne, Evidence §3308; Wigmore, Evidence §202. Thus, in a prosecution for the abduction of a female of "previous chaste character" (see §2355 Burns 1914, Acts 1905 p. 690, §459), proof of a single act of illicit connection was held competent on behalf of the defendant. *Lyons* v. *State, supra; Kenyon* v. *People* (1863), 26 N. Y. 203, 84 Am. Dec. 177; *State* v. *Prizer* (1878), 49 Iowa 531, 31 Am. St. 155; 4 Chamberlayne, Evidence §3308; *Bills* v. *State, supra,* and authorities cited. And where the petitioner was seeking to obtain a license to sell intoxicating

liquor, to which persons guilty of "immorality" were not entitled (§5314 R. S. 1881), evidence that he had been guilty of specific unlawful acts which the remonstrator deemed immoral was held competent. *Hardesty* v. *Hine, supra; Stockwell* v. *Brant, supra; Keiser* v. *Lines, supra.* In an action by a parent for the seduction of his daughter, proof of specific acts of sexual immorality or lascivious conduct on the part of the daughter has been held admissible in mitigation of damages, to rebut any inference that the father sustained the damages from wounded feelings and a sense of dishonor and disgrace which the father of a modest, pure daughter would sustain by reason of her seduction. *Shattuck* v. *Myers* (1859), 13 Ind. 46, 74 Am. Dec. 236; *Taylor* v. *Shelkett* (1879), 66 Ind. 297, 300; *Wright, Admr.,* v. *City of Crawfordsville, supra.*

And in an action for damages for causing death, where the demand was based, in part, upon an allegation that the deceased was a "sober and industrious man", evidence of repeated acts of drunkenness on his part throughout more than a year before his death was held competent to rebut an inference that he was more valuable to his family by reason of being sober and industrious. *Wright, Admr.,* v. *City of Crawfordsville, supra.*

If the appellee really had done acts in violation of law from which the court and jury might conclude that he was not "of good moral character", it would be 3, 4. unfair to them to require that they should pass on his qualifications for admission to the bar without hearing evidence of what he had done. Whether the specific acts proved showed him not to be of good moral character would be a question for the jury.

If the appellee did acts in violation of the laws of Indiana, and on being indicted in the United States Dis-

trict Court admitted of record that he had done them by entering a plea of guilty, the competency of such admission as evidence against him did not depend upon whether or not a United States court, in another case to which he was not a party, had adjudged that such violations of the state law were not an offense against the federal law. If an admission of certain facts contained in a letter written by him, or in a conversation with him would be competent, then proof that he admitted the same facts by entering a plea of guilty to a charge against him in the federal court would also be competent.

The judgment is reversed, with directions to sustain the motion of appellant for a new trial.

Townsend, J., absent.