ROSENCRANZ v. TIDRINGTON.

[No. 24,756.    Filed March 30, 1927.]

1. ATTORNEY AND CLIENT.—*Dismissal of application for admission to the bar and filing new application.*—An applicant for admission to the bar was within his legal rights in dismissing his application and making a new application after an appeal had been taken from an order of admission and a new trial ordered.    p. 142.

2. VENUE.—*Application for change of judge properly overruled where proceeding was no longer pending.*—Section 443 Burns 1926, authorizing a change of judge in certain cases, is applicable only to pending actions, and does not authorize a change of judge after a proceeding has been completed and is no longer pending; hence, a motion for a change of judge in an application for admission to the bar was properly overruled where the court had ordered the applicant admitted.    p. 144.

3. JURY.—*Demand for jury trial properly denied.*—The denial of a demand for a jury trial of an application for admission to the bar was proper where the demand was not made until the proceeding had been concluded.    p. 144.

4. ATTORNEY AND CLIENT.—*Refusal to permit filing of motion to vacate order of admission to bar held proper.*—Where the court had entered an order admitting an applicant to practice law, there was no error in refusing to permit the filing of a verified motion to set aside the

order,.when the motion contained no averment that the applicant was not of good moral character or that he was not entitled to admission, and there was no charge of any irregularity, misconduct, abuse of discretion, surprise, fraud or error of law that could serve as a basis for vacating and setting aside the order of admission.    p. 144.

5.  ·ATTORNEY AND CLIENT.—One who was not a party to an application to be admitted to practice law cannot move to vacate or set aside an order for the admission of the applicant nor appeal from such order.    p. 144.

6.  ATTORNEY AND CLIENT.—*Presumption as to qualifications of applicant for admission to bar.*—In the absence of any showing to the contrary, it must be presumed on appeal from an order admitting an applicant to practice law that the court was convinced that the applicant's qualifications were sufficient before it entered the order for his admission.    p. 145.

From Vanderburg Circuit Court; *Philip C. Gould,* Judge.

Ernest G. Tidrington applied for admission to the bar of the Vanderburg Circuit Court, his' application being opposed by Richard Rosencranz.   An order admitting him was made, and thereafter Rosencranz applied to the court for a vacation of the order, which was denied. From the judgment rendered, he appeals.   *Appeal dismissed.*

*W. C. Welborn* and *Richard Waller,* for appellant. *Daniel H. Ortmeyer,* for appellee.

. MARTIN, J.—The appellee filed in the Vanderburg Circuit Court his application to be admitted to the practice of law.   The court referred the application to the committee on ·admissions to the courts of Vanderburg county, with instructions to report thereon at 9 a. m. December 28, 1923.   The committee made no report at the time indicated, whereupon Charles P. Bock of the Vanderburg county bar, who is now judge of the Vanderburg Circuit Court, moved that appellee be admitted. The court, acting by its regular judge, Philip C. Gould, heard the application; found "that the said Ernest G. Tidrington is entitled to admission to practice law" and

ordered his admission and oath.   Appellee was then duly sworn and admitted and the clerk was directed to place his name on the roll of attorneys and to issue to him a certificate of admission.

At 10:30 a. m. the same day, appellant, appearing by two attorneys, who constituted a minority of the committee on admissions, orally moved the court to set aside the order of admission and filed written "objections" reading as follows: "The undersigned, a citizen of Vanderburg county,. State of Indiana, objects to the admission of Ernest Tidrington as an attorney of this court and demands a jury to try and determine the question of his character, fitness and qualifications for admission to the bar of this Court," but no notice of the filing of these objections was given to appellee.   On the following day, December 29, the objector filed a motion and affidavit for a change of venue from the judge.   At the hearing on this motion, January 30, 1924, appellant appeared by new counsel, two other attorneys appeared as *amici curiae*, and the court overruled the motion. On January 31, 1924, appellant offered to file a verified written motion to vacate and set aside the order of the court admitting appellee to the bar, and requesting an order directing that notice issue to Tidrington of the filing of said motion.   On February 7, 1924, the court refused to permit appellant to file his verified written motion, overruled his oral motion made December 28, and struck from the files the written objections also filed on that date.

The verified written motion which appellant offered to file, recited that Tidrington had "heretofore" filed a similar application and that Rosencranz had filed objections thereto, secured a change of venue from the judge and a trial by jury of the question of Tidrington's character; that the jury found in Tidrington's favor, that the cause was appealed to the

Supreme Court and was reversed and remanded for a new trial. That Tidrington had dismissed that application, "but that this objector never withdrew his objections filed therein." The motion then recounts the filing of appellee's second application December 26, 1923, and the several steps taken thereafter as outlined above. The former application referred to was an application for admission to the bar filed by Tidrington December 17, 1919. From a judgment admitting appellee to the bar based on the jury's verdict which found that appellee was of good moral character, Rosencranz appealed and presented as error the trial court's refusal to admit certain evidence. The judgment was reversed by this court October 9, 1923, with direction to sustain the motion for a new trial. *Rosencranz* v. *Tidrington* (1923), 193 Ind. 472, 141 N. E. 58. Following the decision of that case, appellee Tidrington moved the trial court to dismiss his petition, which motion was granted and said petition was dismissed and this proceeding, which he instituted December 26, 1923, was an entirely new one. Appellee's dismissal of the first petition necessarily took with it the objection of appellant in the former proceeding. We cannot join in appellant's criticism of appellee for dismissing the cause which was sent back for a new trial and filing a new application. He may have had reason to believe that his opponent would not again bring up against him the alleged specific acts which appellant attempted to bring up four years before, and, in any event, he was within his legal rights in pursuing the course which he took.

The appellant relies upon the following alleged errors: (1) Overruling his motion for a change of venue from the judge; (2) refusal of the court to call a jury to determine the moral character of appellee; (3) refusal of the court to permit appellant to file his verified motion to vacate the order admitting appellee to practice; (4) overruling

of his oral motion to set aside the order; and (5) striking from the files his written objections.

The statute, §443 Burns 1926, provides for a change of venue from the judge when any matter is pending.

2. Here the *ex parte* proceeding had been completed and was no longer pending. The applicant therein had not been notified of any proposal to reopen the matter and the motion was properly overruled.

Section 1033 Burns 1926, provides that in a proceeding for admission to the bar, a jury may be demanded upon the question of character by any citizen of the county, and if appellant or any other citizen had made such demand before the court had heard and adjudicated the matter, it should have been granted. But the demand here was not made until the proceeding had been concluded.

3.

Regarding the alleged errors numbered 3, 4 and 5, there is no charge of any irregularity, misconduct, abuse of discretion, accident, surprise, fraud or error of law that could serve as a basis for vacating and setting aside the order of admission and there is no averment that appellee was not of good moral character or that he was not entitled to admission. There is no allegation in appellant's petition that the order of the court was not sustained by sufficient evidence or was contrary to law. The court therefore did not err in striking from the files appellant's objections nor in refusing to permit him to file his verified motion to vacate the order, which was the equivalent of adjudging the motion to be insufficient.

4.

Since appellant did not become a party to this *ex parte* proceeding, nor to the judgment of the court, he had no right to move that the judgment be vacated and set aside. *Egoff* v. *Board, etc.* (1908), 170 Ind. 238, 244, 84 N. E. 151; *Harbaugh* v. *Hohn* (1875), 52 Ind. 243, 244; *Owen* v. *Cooper* (1874),

5.

46 Ind. 524, 530; *Davidson* v. *Lindsay* (1861), 16 Ind. 186; *Cassell* v. *Case* (1860), 14 Ind. 393; *Indianapolis, etc., R. Co.* v. *Crockett* (1891), 2 Ind. App. 136, 141; neither does he have the right to appeal, *Hall* v. *Kincaid* (1917), 64 Ind. App. 103, 116; *Board, etc.,* v. *Wild* (1905), 37 Ind. App. 32, 35, and such an appeal should be dismissed. *Case* v. *Case* (1894), 137 Ind. 526, 37 N. E. 337.

It is the duty of every court to maintain at least the constitutional standard of requirements for persons applying for admission as members of its bar, and, 6. in the absence of any showing to the contrary, we are bound to presume that the Vanderburg Circuit Court was duly advised and convinced that appellee's qualifications were sufficient, before it entered the order for his admission. The appellee has evidently engaged in the practice of law in that court for more than seven years—four years during the pendency of the first appeal and three years during this appeal, and the last motion for his admission was made by the attorney who is the present judge of the court, to the court sitting in the person of its former regular judge.

Appellant's attorneys in argument criticised the action of the Vanderburg Circuit Court as being in their opinion not only erroneous but wrongful. The record contains nothing which warrants this criticism, and, in dismissing the appeal, we point out that if appellee in his law practice has been guilty of misconduct, the appellant or any other individual is not now and has not at any time been without a remedy. See §1047 Burns 1926.

The appeal is dismissed at appellant's costs.