STEEL *v.* THE STATE,

PENAL STATUTES.—CONSTRUCTION OF.—Penal statutes must be construed strictly.

SEDUCTION.—In a prosecution for seduction, under section 15, 2 G. & H. 441, the jury cannot impose a fine, in connection with imprisonment in the county jail.

APPEAL from the *Ohio* Circuit Court.

RAY, J.—This was an indictment for seduction. The appellant was tried and convicted. The verdict of the jury imposed imprisonment in the county jail for thirty days, and assessed also a fine of two hundred and seventy-five dollars. The abstract complies with the rule of this court as to one point only, and therefore the only point we shall determine is whether the verdict is contrary to law.

The statute provides that the person convicted " shall be imprisoned in the state prison for not less than one, nor more than three years, and fined not exceeding five hundred dollars, or be imprisoned in the county jail not exceeding six months." 2 G. & H., § 15, p. 441.

This language authorizes the jury to impose a fine only in cases where the circumstances attending the commission of the offense authorize the imprisonment of the offender in the state prison. This is the plain import of the words used. The rule to be observed in the construction of penal statutes is thus stated by Chief Justice MARSHALL: " The rule that penal statutes are to be construed strictly is, per-haps, not much less old than construction itself. It is founded on the tenderness of the law for the right of indi-viduals; and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the court, which is to define a crime and ordain its punishment. * * The intention of the legislature is to be collected from the

words they employ. ' Where there is no ambiguity in the words, there is no room for construction. The case must be a strong one indeed, which would justify a court in departing from the plain meaning of words, especially in a penal act, in search of an intention which the words themselves did not suggest." *The United States* v. *Wiltberger*, 5 Wheat. 76.

But an examination of other sections of the same statute will disclose that where the legislature clearly intended to add the fine to imprisonment, either in the state prison or in the county jail, they have expressed such intention in language of no doubtful significance. The twentieth section provides, that upon conviction of petit larceny, the offender shall be fined, imprisoned in the state prison and disfranchised, or fined, disfranchised and imprisoned in the jail of the proper county.

The ability of the legislature to express an intention clearly is not, therefore, to be questioned, and it is not our province to add to the penalties imposed.

The judgment is reversed, and the cause remanded for a new trial.

*W. S. Holman*, for appellant.

*D. E. Williamson*, Attorney General, for the State.