## EVERROAD, ADMINISTRATOR, v. LEWIS ET AL.

[No. 1,982. Filed May 8, 1896. Rehearing denied September 24, 1896.]

EXECUTORS AND ADMINISTRATORS.—*Action to Compel Payment of Claim.—Change of Venue.*—An action to compel an administrator to pay a claim allowed against the estate, the amount of which by his final report he attempts to retain in payment for services rendered to the claimant, is not a civil action within the meaning of section 416, Burns' R. S. 1894, providing for a change of venue of certain civil actions.

From the Jefferson Circuit Court. *Affirmed.*

*Vanosdol & Francisco* and *G. B. Everroad,* for appellant.

*J. W. Linck* and *S. E. Leland,* for appellees.

ROSS, J.—The appellees, Hattie L. Lewis and Hattie L. Lewis, guardian of Sallie G. Lewis, filed separate petitions in the court below to compel the appellant, George B. Everroad, administrator of the estate of James R. Lewis, deceased, to pay certain claims allowed in their favor against said estate, it appearing that the estate had been pending more than two years and was solvent. The two petitions or proceedings were consolidated and tried as one. As to each petition the appellant filed a motion and affidavit for a change of venue from the county which were overruled by the court. The sufficiency of the affidavits is not disputed, the only question being whether or not the proceedings were such as entitled the parties to a change of venue at all.

Section 416, Burns' R. S. 1894 (412, R. S. 1881), provides that "the court in term, or the judge thereof in vacation, shall change the venue of any civil action

upon the application of either party,"making affidavit showing any one of the causes enumerated in said section.

But the question that confronts us is this: Is this a civil action within the meaning of the statute? It has been held that a change of venue is proper in a claim against a decedent's estate, *Lester* v. *Lester, Exr.*, 70 Ind. 201, and in an application for the sale of lands belonging to a decedent's estate. *Scherer* v. *Ingerman, Admr.*, 110 Ind. 428. There is no doubt but what the cases cited are embraced within the term "civil action." In the case before us there was no question as to the correctness of the claims of the appellees, for the claims had already been allowed, the only question was whether or not the administrator had a right to settle the estate without paying them. The record discloses that the appellant was employed by the appellees as their attorney to defend their interests in an action brought by one Mary J. Wadsworth, against them, in which the title to certain real estate was involved, and that as such administrator he retained and in his final report accounted as holding for his services as such attorney, the amount due the appellees from said estate. To his report the appellees filed exceptions.

An administrator is in a sense an officer of the court, and at all times subject to the court's orders, hence the right of the court to make orders with reference to many things pertaining to the conduct of an administrator in the settlement of an estate, are purely discretionary. Of that nature was the question presented by the petitions of the appellees to require the appellant to pay their claims out of the funds in his hands before closing the estate. In such cases a change of venue is not a matter of right. As

bearing upon the question here involved see *Mc-Clelland, Admr.*, v. *Bristow, Admr.*, 9 Ind. App. 543.

The judgment of the court below is in all things affirmed.