STATE EX REL. STOCKTON v. LEOPOLD, JUDGE, ET AL.

[No. 28,553. Filed June 16, 1949.]

*Cope J. Hanley,* of Rensselaer; and *Harker & Irwin,* of Frankfort, for relator.

GILKISON, C. J.—Relator has filed his original action for writs of mandate and prohibition against the respondents. The material allegations of the petition are as follows:

That Charles H. Porter died testate on February 8, 1949, a resident of Jasper County, Indiana.

That his will was probated in the respondent court and letters testamentary were issued to State Bank of Rensselaer, and given a probate No. 2833.

That relator is a residuary beneficiary and his interests are adverse to the interests of specific legatees named in the will. That issues have arisen, and others will arise and respondents will hear and determine the same unless prohibited by a writ of this court.

That on April 29, 1949, relator filed in respondent court in cause No. 2833 entitled "In the Matter of the estate of Charles H. Porter, deceased," the same being the cause involving the administration of said decedent's estate, a motion for change of judge from the respondent, The Honorable Moses Leopold, the regular judge of said court, in the administration of said estate. That this motion was overruled on the date filed.

It is averred that it is mandatory for respondent judge to grant such motion, which contained the usual charge of bias and prejudice on the part of such judge.

A change of venue from the regular judge in the administration of the estate is demanded, under Section 2-1403, Burns' 1946 Replacement, "and connecting statutes governing change of venue."

With this situation before us, we have declined to issue a temporary writ of prohibition or an alternative writ of mandate, and the respondents are therefore not before us.

Except in aid of our appellate powers and functions, this court's authority in original actions to issue writs of mandate and prohibition, under Art. 7, § 4, Indiana Constitution, is limited to "such original jurisdiction as the General Assembly may confer." The only original jurisdiction so conferred is contained in Section 3-2201, Burns' 1946 Replacement. So far as affecting the matter now before us this section is as follows:

"Such writs of mandate may issue out of the Supreme Court to the circuit . . . courts of this state, . . . compelling the performance of any duty en-

joined by law upon such circuit . . . courts, . . . including the granting of changes of venue from the county in cases where such change of venue is allowed by law, and timely, proper and sufficient motion and affidavit have been filed therefor, and such change of venue has been refused; and also writs of prohibition may issue out of the Supreme Court to such circuit . . . courts, . . . to restrain and confine such circuit . . . courts, . . . to their respective, lawful jurisdiction."

With respect to the writ of prohibition asked for, Art. 7, § 8 of the Indiana Constitution provides:

"The Circuit Courts shall each consist of one, Judge, and shall have such civil and criminal jurisdiction as may be prescribed by law."

Section 4-303, Burns' 1946 Replacement, so far as applicable to this matter provides:

"Said court . . . shall also have exclusive jurisdiction of the settlement of decedents' estates and guardianships: . . . ."

In view of the exclusive jurisdiction in the settlement of decedent's estates thus given respondents, it is apparent, from the allegations contained in the petition, that respondents are in no way transgressing the boundaries of their lawful jurisdiction, and therefore a temporary writ of prohibition should not issue. Of course, in a proper case both prohibition and mandate may issue from this court when necessary to give a complaining party the relief to which he is lawfully entitled. *State ex rel. Block* v. *Superior Court of Marion County* (1943), 221 Ind. 228, 232, 47 N. E. 2d 139.

The change of venue statute involved, so far as applicable to this case, is as follows:

"In any action, proceeding, or matter, of any character or nature whatever, relating to connected with or involving the estate of a decedent in any manner whatever, *any of the parties thereto* shall be entitled to a change of judge or a change of venue from the county for the same reasons, and upon the same terms and conditions, upon which there may be a change of judge or a change of venue from the county on any civil action. . . . ."
(Our italics).
Section 2-1403, Burns' 1946 Replacement.

We note that the petition does not aver that there is any action, proceeding or matter of any character or nature whatever relating to, connected with or involving the estate in question, pending in respondent's court. Of course, we must presume that the cause of action is stated in the petition as favorably to the pleader as the facts warrant. *Fink* v. *Cleveland Etc. R. Co.* (1914), 181 Ind. 539, 543, 105 N. E. 116; *Chicago Etc. R. Co.* v. *Collins* (1924), 82 Ind. App. 41, 54, 142 N. E. 634, 143 N. E. 712. If there were such action, proceeding or matter involving the estate pending, a motion for change of judge in such action, proceeding or matter would be proper under this statute. But the mere administration of an estate is necessarily a ministerial and not a judicial matter. See *Bruning* v. *Golden* (1902), 159 Ind. 199, 203, 204, 64 N. E. 657; *Stone* v. *Elliott* (1914), 182 Ind. 454, 460, 106 N. E. 710; 23 C. J., Executors and Administrators, §§ 6, 386, 387, pp. 997, 1169, 1170; 21 Am. Jur., § 4, p. 370. It was not the intention of the general assembly by the statute quoted or any related statute to grant a change of judge in the administration of an estate. As bearing on this subject see 56 Am. Jur., Venue, § 52, p. 56·; *State ex rel. Germain* v. *Second Judicial Dist. Ct.* (1935), 56 Nev. 331, 51 P. 2d 219, 102 A. L. R. 393,

Anno. 397; *Everroad, Admr.* v. *Lewis et al.* (1896), 16 Ind. App. 65, 43 N. E. 1010.

The statute relied upon, Section 2-1403, Burns' 1946 Replacement, *supra*, provides further that "any of the parties thereto shall be entitled to a change of judge or change of venue from the county" etc. This statute contemplates that there will be adverse parties in the "action, proceeding or matter" and that a trial will be required to have the issue determined. Relator's petition discloses that, as yet, there are no adverse parties in any matter before the court in the estate. The most that can be said for the petition with respect to this matter is that relator thinks there may be such proceedings instituted in the future in which he may be, or may be made a party. It seems quite apparent that relator can claim no rights under this statute until the contemplated action is begun, and the parties are before the court. See *Rosencranz* v. *Tidrington* (1927), 199 Ind. 140, 144, 155 N. E. 705; *State ex rel. Daily* v. *Harrison* (1939), 215 Ind. 106, 107, 18 N. E. 2d 770. Then he would not be entitled to a change of judge in the estate; but only in the pending action, proceeding or matter in which he was a party. The alternative writ of mandate therefore should not issue.

Relator insists that his situation is similar to that of relator in *State ex rel. Parker* v. *Vosloh, Judge* (1944), 222 Ind. 518, 54 N. E. 2d 650. However, we find in that case the relator was the executor. He had applied for a change of judge on grounds provided for by Section 2-1401 (Cl. 2), Burns' 1946 Replacement, and for an additional reason that the presiding judge was indebted to the estate. While many statements are made by the learned judge by way of argument in deciding that case, we think that decision is necessarily based upon the fact that the presiding judge was a grandson of decedent

and was thereby interested in the estate. No such situation is shown to exist in the matter now before us and we are not inclined to extend the doctrine of interest beyond the fact of kinship shown to exist in the Parker case.

The petition for alternative writ of mandate and the petition for temporary writ of prohibition are denied.

NOTE.—Reported in 86 N. E. 2d 530.