STATE OF INDIANA ON RELATION OF QUINN *v.* LEOPOLD, JUDGE OF JASPER CIRCUIT COURT AND THE JASPER CIRCUIT COURT.

[No. 29,144. Filed March 29, 1954.]

*Quinn & Howard,* of Indianapolis, for relator.

*Fraser & Isham,* of Fowler, for respondents.

EMMERT, J.—On December 27, 1953, May F. Thompson died intestate, a resident of Jasper County, Indiana, leaving surviving her three adult grandchildren, Firman Thompson, a resident of Rensselaer, Jasper, County, Indiana, Elizabeth ............, a resident of Chicago, Illinois, and Jean Thornton, of Miami, Florida, and five great-grandchildren. Firman Thompson is the only grandchild who is a resident of Indiana.

On January 15, 1954, the relator and said Firman Thompson, filed in the Jasper Circuit Court a joint petition to be appointed co-administrators of the estate of said May F. Thompson, deceased. All of the heirs except Jean Thornton of Miami, Florida, filed their written consent to the granting of said petition.

Immediately thereafter the relator filed his affidavit for a change of judge which was thereupon overruled by the court.

The relator filed this original action for an alternative writ of mandamus to order the court to grant the change of venue from the judge, and we issued the alternative writ.

The statute in controversy provides:

"In any action, proceeding, or matter, of any character or nature whatever, relating to, connected with or involving the estate of a decedent in any manner whatever, any of the parties thereto shall be entitled to change of judge or a change of venue from the county for the same reasons, and upon the same terms and conditions, upon which there may be a change of judge or a change of venue from the county on any civil action: Provided, however, That nothing herein contained shall be construed to authorize a change of venue from the county of the administration of the estate of a decedent, or to authorize a change of venue from the county upon the exceptions to the final report of an administrator or executor, and hereafter there shall be no change of venue from the county upon exceptions to the final report of an administrator or executor." Section 2-1403, Burns' 1946 Replacement.

In *State ex rel. Stockton* v. *Leopold* (1949), 227 Ind. 426, 431, 86 N. E. 2d 530, we construed the statute as limited to actions, proceedings, or matters where there will be adverse parties, and a trial or hearing will be required, and in an opinion by

Chief Justice Gilkison, said: "This statute contemplates that there will be adverse parties in the 'action, proceeding or matter' and that a trial will be required to have the issue determined. Relator's petition discloses that, as yet, there are no adverse parties in any matter before the court in the estate. The most that can be said for the petition with respect to this matter is that relator thinks there may be such proceedings instituted in the future in which he may be, or may be made a party. It seems quite apparent that relator can claim no rights under this statute until the contemplated action is begun, and the parties are before the court. See *Rosencranz* v. *Tidrington* (1927), 199 Ind. 140, 144, 155 N. E. 705; *State ex rel. Daily* v. *Harrison* (1939), 215 Ind. 106, 107, 18 N. E. 2d 770. Then he would not be entitled to a change of judge in the estate; but only in the pending action, proceeding or matter in which he was a party. The alternative writ of mandate therefore should not issue."

In the estate of May F. Thompson, deceased, there are no adverse parties to the petition for the appointment of the administrators. The court has not denied the petition, nor has it appointed another administrator. The judge is not shown to have any financial interest or interest by relationship in the estate, as was the case in *State ex rel. Parker* v. *Vosloh, Judge* (1944), 222 Ind. 518, 54 N. E. 2d 650, wherein we held that such interests, as a matter of law, and independent of the statute on change of venue, made the judge disqualified to act in the administration of the estate.

On the authority of *State ex rel. Stockton* v. *Leopold* (1949), 227 Ind. 426, 86 N. E. 2d 530, *supra,* the alternative writ heretofore issued is vacated and annulled.

Draper, C. J., Gilkison, Flanagan, and Bobbitt, JJ., concur.

NOTE.—Reported in 118 N. E. 2d 364.