STATE EX REL RIGGS *v.* VIGO CIRCUIT COURT ET AL.

[No. 29,450.  Filed  May  7,  1957.]

*Randolph H. Mayes,* of Terre Haute, for relator.

*Ernest M. Wright,* pro se.

ACHOR, C. J.—Relator, by petition for writ of mandate, asks that this court mandate the trial court first to correct its record *nunc pro tunc* so as to show the filing of "Motion to Find for the Defendant," both at the conclusion of the state's case and again at the close of all evidence, and the ruling of the court on each of said motions. Secondly, relator asks that we mandate the trial court to "incorporate in the records" of the case "all deleted verbal testimony and evidence," setting forth the testimony allegedly omitted.

Before a party can resort to proceedings mandating a trial court, it must appear that the action regarding which he seeks mandatory relief has first been presented to the trial court in such a manner that it can fully understand the issue involved, and that this court, in turn, can review the action of the trial court on the basis of the facts presented to that court. Rules 2-35 and 2-36.

Relator's petition is fatally defective, in that it does not set forth any formal motion to correct the record *nunc pro tunc*, nor does it appear that he has submitted a special bill of exceptions to the trial court setting forth the testimony and evidence allegedly omitted from the bill of exceptions, certified to by the Reporter as containing "all the evidence."

Relator's petition for writ of mandate is therefore denied.

Arterburn, Bobbitt, Emmert & Landis, JJ., concur.

NOTE.—Reported in 142 N. E. 2d 214.