STATE POLICE BOARD OF INDIANA *v*. MOORE.

[No. 30,212. Filed October 14, 1963.]

*Edwin K. Steers,* Attorney General and *Richard M. Givan,* Deputy Attorney General, for appellant.

*Rochford & Blackwell, Paul E. Blackwell,* and *Frank E. Spencer,* all of Indianapolis, for appellee.

LANDIS, J.—Appellee was discharged by the superintendent of the Indiana State Police on September 7, 1960. On February 1, 1961, the state police board after a hearing sustained the action of the superintendent and affirmed the discharge. On February 14, 1961, appellee filed his verified petition for judicial review in the court below which entered findings of fact and conclusions of law and rendered judgment to the effect that appellee's discharge by the superintendent of the Indiana state police and the action of the board in affirming the discharge were erroneous. Appeal is taken from the judgment.

Appellant first contends that the trial court erred in its finding of fact and conclusion of law that appellee was not an appointee or employee of the state police board of the State of Indiana.

The record in this case discloses that appellee was a detective sergeant in the Indiana state police. He was discharged for engaging in political activity in violation of Burns' §47-849 (1952 Repl.), which provides in part as follows:

> "*Whoever being an appointee or an employee of the state police board,* including the superintendent, *participates in any manner in* the *activities* or interests *of any political party* or of any candidate for public office or for the nomination therefor, or participates in any manner in any political campaign for the nomination or election of candidates for public office, *other than by exerting his official duties and voting at the election, shall be guilty of a misdemeanor* and shall be fined in the sum not less than one hundred dollars [$100] or more than five hundred dollars [$500], to which may be added imprisonment for a period not to exceed six [6] months." (Emphasis supplied.) Acts 1945, ch. 344, §4, p. 1622.

As stated by appellant in its brief the trial court in effect held that the quoted portion of the statute did

not apply to appellee for the reason that appellee was an appointee or employee of the state police department and not of the state police board.

The statute creating the state police department is Burns' §47-846 (1952 Repl.), which provides so far as applicable:

> "There is hereby created the *State Police Department,* hereinafter referred to as *'the department.'* The administration, management and control of said department is hereby vested in a board which shall be known as the *State Police Board* and shall consist of four [4] members, not more than two [2] of whom shall belong to the same political party. . . . Hereafter all members of said *board* shall be appointed by the governor for terms of four [4] years each, except when appointed to fill vacancies for unexpired terms. . . .
>
> " . . . The *board* shall hold . . . regular monthly meetings and such special meetings throughout the year as may be deemed necessary . . . . The governor shall appoint a superintendent of the state police, who shall be the executive officer and who shall have general charge of the work of the *department.* . . . " (Emphasis supplied.) Acts 1945, ch. 344, §1, p. 1622.

Burns' §47-847 (1952 Repl.), defining the words used in the Act states:

> "Definitions.—As used in this act [§§47-846—47-869]: The word 'Department' means the state police department created by this act.
>
> " 'Employee' shall mean any employee of the department.
>
> " 'Police employee' shall mean any employee who is assigned police work as a peace officer, pursuant to section 11 [§47-856] of this act.
>
> " 'Civilian employee' shall mean any employee assigned to a position other than one having police rank as a peace officer.

" 'Board' shall mean the state police board."
Acts 1945, ch. 344, §2, p. 1622.

The statute (Burns' §47-849, *supra*) pertaining to
the appointment of members to the state police force
provides:

"The superintendent shall, with the approval of
the board . . . appoint such personnel to the
ranks, grades, and positions of the *department* as
are deemed by him to be necessary for the ef-
ficient administration of the *department*. . . . "
(Emphasis supplied.) Acts 1945, ch. 344, §4, p.
1622, *supra*.

Appellee argues that the above statute proscribing
political activity is penal in nature as it specified
violation thereof is a misdemeanor for which one may
be fined or imprisoned; that it must be strictly con-
strued and should not be applied to cases not clearly
within its provisions, citing: *The Indianapolis and
Cincinnati Railroad Company* v. *Kinney* (1857), 8 Ind.
402; *Steel* v. *The State* (1866), 26 Ind. 82; *State* v.
*Pence* (1909), 173 Ind. 99, 89 N. E. 488; *State* v.
*Lowry and Lewis* v. *State* (1906), 166 Ind. 372, 77
N. E. 728; *Bienz* v. *State* (1934), 206 Ind. 482, 190
N. E. 170.

We believe appellee's position is well taken and we
cannot indulge in judicial legislation to change the
words in a penal statute, viz: "appointee or an
employee of the state police board" to read
"appointee or an employee of the state police de-
partment".

Although it is true the administration, management
and control of the department is vested by the statute
in the board, it is important to note it is the superin-
tendent, who, under the statute, appoints the personnel
to the state police department, and the superintendent

is appointed by the governor and serves at his pleasure and not that of the board.

The fact that the board has the power to approve the appointments made by the superintendent does not in any sense give the board the right of appointment. See: 42 Am. Jur., Public Officers, Confirmation or Approval, §111, p. 963; *The People ex rel. MacMahon* v. *Davis* (1918), 284 Ill. 439, 120 N. E. 326, 2 A. L. R. 1650.

It is apparent that appellee was an appointee or employee of the state police department rather than the state police board and that the court below did not err in refusing to extend the meaning of the penal statute to include appellee. It follows that it did not err in its conclusion of law here in question.

Appellant has further contended the trial court erred in concluding as a matter of law that Harold S. Zeis as superintendent of the state police department of the State of Indiana did not prefer charges in writing against Harry E. Moore prior to and including the seventh day of September, 1960.

The statute here involved (Burns' §47-851, 1952 Repl.), provides:

"The superintendent may discharge, demote or temporarily suspend any employee of the department, for cause, after preferring charges in writing. . . ."

Here it appears from the evidence introduced at the hearing before the state police board after appellee's dismissal by the superintendent, that on the second day of September, 1960, appellee was brought before a group of state police officers described as the board of staff captains of the Indiana state police. At such

meeting an alleged letter described as state police Exhibit 1 from Lt. Hollenbach to Harold S. Zeis, captioned, "Subject: Written Charges v. Sargeant (Det.) Harry E. Moore" was read to said appellee Moore and he was given a copy. There is no statutory provision for the board of staff captains or for its initiating of charges against appellee.

A further exhibit was introduced before the state police board, viz: a letter (state police Exhibit 6) signed by the six members of the board of staff captains to Harold S. Zeis, superintendent, dated September 2, 1960, captioned, "Personnel Board Meeting Reference Charges v. Sgt. (D) Harry Moore". In such letter it was stated that a majority of the "Personnel Board" (board of staff captains) with one dissent recommended that Sgt.(D) Harry Moore be immediately "discharged" from the Indiana state police department. At the bottom of this letter appears the statement:

"Executive Officer's Endorsement
Approved                          Approved
Major Cecil L. Melvin             H. S. Zeis
        9-6-60                            9-6-60"

Appellant does not dispute the contention of appellee that under the foregoing statute the discharge must follow the preferring of charges in writing by the superintendent. The letter from Lt. Hollenbach to Supt. Zeis (state police Exhibit 1) dated September 2, 1960, which is apparently relied on as constituting the charges against appellee was never signed or approved by the superintendent. We are unable to see how an endorsement of approval by Supt. Zeis subsequently placed (on September 6) upon a second letter signed by six staff captains to Supt. Zeis (state

police Exhibit 6) with reference to the staff captains' meeting and recommendation as to Moore's dismissal can be considered to comply with the apparent statutory requirement that charges be preferred by the superintendent. Nor did the subsequent stapling together of the exhibits cure the previous defect. The preferring of charges against an officer should be specific and should be by someone in authority under the statute involved so that an accused officer may know from an authoritative source what he is charged with, in order that he can make a defense to the charge if he has one.

The trial court in our judgment did not commit error in concluding as a matter of law that Supt. Zeis of the Indiana state police did not prefer charges in writing against appellee Moore prior to and including the seventh day of September, 1960.

Appellant has made other contentions including those with respect to the application of the State Police Act and the subsequent Administrative Adjudication and Court Review Act to this case, but in view of the result reached it is not necessary to discuss them. We believe it should be observed, however, that the State Police Act of 1945, as we have heretofore indicated as to the Stream Pollution Control Board Act of 1943,[1] is in a number of respects a poorly drafted piece of legislation. In addition to the defects in the State Police Act previously apparent from this opinion, Burns' §47-851, *supra,* also provides that an employee discharged by the superintendent with apparently no previous hearing, has a right to a public hearing before the board only if he demands the same within

1. *City of Plymouth* v. *Stream Pollution Cont. Bd.* (1958), 238 Ind. 439, 151 N. E. 2d 626.

ten days of receiving notice of the charges. It makes no reference to the date of his discharge by the superintendent. Under the wording of this statute the charges might be preferred against the employee and if the superintendent delayed ten days in determining whether to discharge him or not, the employee would have no time within which to request a hearing before the board. The time should obviously begin to run from the time or notice of his discharge, and the present inept language of the statute invites serious constitutional questions.

For the various reasons given in this opinion it is apparent the trial court properly set aside the discharge of appellee below and the judgment of such court is now affirmed.

Myers, C. J., and Achor, Arterburn and Jackson, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 131.