STATE EX REL. ANDERSON-MADISON COUNTY HOSPITAL DEVELOPMENT CORPORATION ET AL. *v.* SUPERIOR COURT OF MADISON COUNTY, SCHRENKER, JUDGE.

[No. 30,579. Filed June 4, 1964.]

*Robert L. Austin,* of Anderson, for relator, Mary E. Lee.

*John W. Houghton,* and *Barnes, Hickam, Pantzer & Boyd,* of counsel, both of Indianapolis, for relator, Madison County Hospital Development Corporation.

*Henry P. Schrenker, pro se.*

ARTERBURN, J.—In this case, on the petition of the relator, Mary E. Lee, as trustee under the will of Maggie McLaughlin, deceased and the Anderson-Madison County Hospital Development Corporation, we issued a temporary writ of prohibition and an alternative writ of mandate against the defendant court and judge to expunge certain records made by the court holding the relator, Mary E. Lee, trustee under the will, in contempt of court, and to require the respondent judge to

permit the filing of an amended petition to distribute the trust corpus and requiring the respondent judge to disqualify himself because of bias and prejudice.

We now have before us the question of making the writ absolute and permanent.

The record shows that Maggie McLaughlin died on July 8, 1952. She designated Mary E. Lee, one of the relators, as trustee under her will. The will provided that the proceeds remaining after the payment of all claims against the estate "shall be used for the erection, construction and maintenance of a hospital or medical clinic at the discretion of the trustee and with the approval of the Court, said hospital to be constructed in Madison County, Indiana." The will refers to the Madison Circuit Court.

The Madison Circuit Court as the time had exclusive probate jurisdiction. In 1955, probate jurisdiction was transferred to the Superior Court of Madison County. [Acts 1895, ch. 26, §10, p. 52; 1955, ch. 14, §1, p. 23; 1959, ch. 131, §1, p. 333, being Burns' §4-1310 (1963 Supp.)] The Honorable Henry P. Schrenker is the duly qualified and acting judge of the Superior Court of Madison County, and respondent herein.

On September 2, 1958 the relator, Mary E. Lee, as trustee, filed with the Madison *Circuit* Court her designation and appointment of a beneficiary under the terms of the will, naming Anderson-Madison County Hospital Development Corporation (the other relator herein) as the hospital to be constructed in Madison County. This selection and designation as a beneficiary under the will by the trustee was approved by the Madison Circuit Court. Upon receiving such approval, the relator, Mary E. Lee, as trustee, filed a petition "To Distribute Trust Corpus" in the respondent court

(Superior Court of Madison County), in which she designated as beneficiary Anderson-Madison County Hospital Development Corporation (the co-relator herein), for the construction of a hospital out of the proceeds of the estate of the decedent.

The respondent court thereafter, on November 13, 1958, *sua sponte* without notice or hearing, entered an order designating, along with the co-relator (Anderson-Madison County Hospital Development Corporation) two other hospitals already constructed and in existence, to share in the benefits of the trust, and ordered the trustee to divide the corpus of the trust equally among the three hospitals. Immediately thereupon, the relator-trustee herein filed a petition with the respondent court to set aside such order. The respondent court held such order under advisement until March 22, 1962, at which time it entered an order setting aside and vacating the prior order designating the three hospitals as beneficiaries. Again on September 4, 1962 the trustee filed an amended petition to distribute the trust, again designating the co-relator herein, Anderson-Madison County Hospital Development Corporation, as a beneficiary to receive said trust funds, also stating that such beneficiary had accepted its designation as a beneficiary. The relators complain that the respondent judge prevented the clerk from noting the filing of this amended petition. After the application for and the issuance of the temporary writ herein, the respondent judge, in his return, states that the clerk has entered of record the filing of this amended petition.

On December 27, 1963, the designated beneficiary, Anderson-Madison County Hospital Development Corporation, filed a complaint in the office of the clerk of the respondent court entitled "Complaint To Enforce

Trust," in which the relator, Mary E. Lee, as trustee, was made defendant.

After issuance of process, plaintiff filed a motion for a change of judge, which was granted, and the Honorable George B. Davis was appointed and qualified as special judge in that proceeding. On December 30, 1963 the respondent judge, Honorable Henry P. Schrenker, *sua sponte,* issued a contempt citation against the relator-trustee, Mary E. Lee. The citation did not state any charges or set forth any specific facts to constitute contempt. On January 3, 1964, the date fixed in the citation, the relator, Mary E. Lee, appeared with counsel in the chambers of the respondent judge and asked to be informed as to the alleged charges of contempt. No witnesses were sworn, no reporter was present and no evidence was presented. The respondent judge stated that the relator-trustee had not carried out or complied with the terms and provisions of the respondent's order dated November 13, 1958, which directed her to divide the proceeds from the estate among the three hospitals designated by the judge. Thereupon the judge was informed that he had previously rescinded and vacated such order on March 22, 1962. After the relator, Mary E. Lee, and her counsel had departed, the respondent judge then *sua sponte* entered an order on the same date to reinstate *"nunc pro tunc"* the order of November 13, 1958 in which the court designated three hospitals to share in the estate, and set aside his order of March 22, 1962 (which had previously vacated the order of November 13, 1958). The court also at the same time found the relator, Mary E. Lee, in contempt of court for violation of orders of the court, including that of March 22, 1962, and made an order to remove her as trustee. This removal was made *sua sponte,* without notice to the parties

concerned, and without a hearing. On April 14, 1964 the relators filed written motions pursuant to the rules of this court, which attacked the want and excess of jurisdiction of the respondent judge. The beneficiary's motion was entitled "Plaintiff's Motion to Vacate Purported Order Dated January 3, 1964."

Thereafter, on April 17, 1964, the respondent court entered another order in which it:

1. Expunged the reinstatement of the order of November 13, 1958 (which designated three hospitals as beneficiaries).

2. Continued the order of removal of the trustee.

3. Ordered the beneficiary's motion to vacate be stricken from the files because not verified.

The motion of relator, Mary E. Lee, Trustee, to vacate, was not stricken.

The relators most vehemently argue that the controversy before us arises solely because the respondent judge is trying to superimpose his personal selection of beneficiaries under the will over that of the trustee designated in the will. This position of the relators is supported by the respondent judge's own statement in his response to the effect that "Actually the Judge of The Superior Court is a *Co-trustee* of this fund." (His italics)

We are persuaded that this case does resolve itself basically into one between the judge of the court and the trustee of an estate as to who shall make the decision in appointing or designating a beneficiary under a will. The law provides for the making of wills in order that the desires and objectives of a deceased testator may be carried out in the disposition of his or

her property. It is the "will" of the deceased, not the court's, which is to be carried out.

The relator, Mary E. Lee, was a personal friend of the creator of the trust. She was given the discretion and the "trust" of the decedent to carry out her desires and wishes. The trustee is the one to exercise the discretion and make the appointment or designation, not the court. The court may not interfere with this discretionary power of the trustee in the absence of a showing of fraud, bad faith or an arbitrary abuse of such discretion.

> "The court is less ready to remove a trustee who was named by the settlor than it is to remove a trustee appointed by the court or by a third person in the exercise of the power to appoint trustees." 1 Scott, The Law of Trust, 781, §107.1 (2d ed. 1956)

In *State ex rel. Heddens* v. *Rusk* (1911), 236 Mo. 201, at 215, 139 S. W. 199, at 203, where a writ of prohibition was issued in a case such as we have here, the court said:

> " . . . nor may be (the Judge) substitute his own judicial power or discretion for the discretion or power of those trustees in whom the creator of the public trust vested title and lodged the powers of management, supervision and control." See also: *Taylor* v. *Baldwin* (1952), 362 Mo. 1224, 247 S. W. 2d 741; *Hills* v. *D'Amours* (1948), 95 N. H. 130, 59 A. 2d 551; *Westport Bank & Trust Co.* v. *Fable* (1940), 126 Conn. 665, 13 A. 2d 862; *Sandusky, Exr.* v. *Sandusky* (1915), 265 Mo. 219, 177 S. W. 390.

It is true, actions of a trustee, executor or administrator and such similar fiduciaries should normally be approved by the court. This approval is not for the purpose of giving the court the right to exercise its own personal desires or preferences,

but rather to guard against a fiduciary acting in fraud, bad faith or arbitrarily contrary to the directions of the testator or settlor. We have held that the power of a board to "approve" appointments made by a Superintendent of State Police does not thereby give the board the right to make the appointments. *State Police Board* v. *Moore* (1963), 244 Ind. 388, 193 N. E. 2d 131.

The judge is in no sense a "co-trustee". If he were, he would be disqualified to serve also as judge of his own acts as "co-trustee."

Having fixed and determined this legal proposition as a guide to a solution of the other questions arising herein, we take up first, the action of the respondent court in removing the relator, Mary E. Lee, as trustee, on the ground that she has refused to comply with the court's orders.

The answer of the respondent judge does not, in our opinion, controvert any of the basic facts set forth in the original petition with reference to his attempted removal of the relator, Mary E. Lee, as trustee under the will of the decedent. It appears the trustee was attempting to exercise her discretion, as directed in the will, in the selection of a beneficiary, and because she would not accept the designation of the beneficiaries which the court personally desired, the court sought to remove her as trustee. In our opinion, this is in direct violation of the will and desires of the testatrix, who can now speak only through her will, and rely only upon a court to carry out the terms thereof.

When the beneficiary designated filed a suit to enforce the trust, the record shows this immediately set off an unusual series of events by the court. A citation for contempt was issued, although there is no order

book entry made for the issuance thereof. The citation contained no specification of charges and was returnable within three days, one of which was New Year's day intervening. After the trustee, with her attorney, had met with the judge on the day fixed, the judge thereafter, without notice, entered an order removing the trustee and finding the trustee guilty of contempt for failure to carry out the court's orders. The court, at the same time, reinstated an order previously vacated, designating the three beneficiaries chosen by the court. The record, so far as we can find, contains no transcript of any hearing on the removal action. No witnesses were sworn; no reporter was present. There is a controversy as to whether it took place "in open court" or in the judge's chambers. There is no record of any specific charges or pleadings filed as a basis for the removal.

This court said in *Ex Parte Kilgore* (1889), 120 Ind. 94, at 98, 22 N. E. 104, at 106, with reference to the removal of a trustee without petition or motion or previous notice:

" . . . In exercising its jurisdiction, the court does not, however, act arbitrarily, but upon certain well defined principles, and after affording the trustee an opportunity to answer the charges made against him, and giving him ample opportunity to be heard. Perry Trusts, sections 817, 818."

In *Tait* v. *Anderson Banking Company* (1959), 171 F. Supp. 3, p. 9, the district court, citing the above case, said:

"In Indiana, it is also the law that where a trustee is appointed by will, the court cannot remove such trustee arbitrarily."

It has been stated by leading authorities that a trustee should not be removed unless there is a clear ne-

cessity for such action to save the trust property because of misconduct or lack of capacity. Even then the power should be exercised sparingly. *State ex rel. Caulfield* v. *Sartorius* (1939), 344 Mo. 919, 130 S. W. 2d 541; *4 Pom. Eq. Jur.* (4th Ed.), sec. 1086.

We have held in adverse hearings of this character that a party is entitled to apply for a change of judge. *State ex rel. Botkin, etc.* v. *Leffler, Judge, etc.* (1953), 232 Ind. 541, 114 N. E. 2d 804; *State ex rel. Van Horne* v. *Sullivan* (1934), 206 Ind. 304, 188 N. E. 672.

We are not unaware of *State ex rel. Stockton* v. *Leopold* (1949), 227 Ind. 426, 86 N. E. 2d 530. That case may be distinguished easily upon the fact that there was no pending adverse controversy before the court at the time the application for change of venue was made.

In this connection we are also aware of the Probate Code, Burns' §7-406 (1953 Repl.) which provides that a personal representative may be removed only after specific charges are made, notice given and a hearing had thereon, except in "cases of emergency." *Meyer* v. *Anderson Banking Company* (1961), 243 Ind. 145, 177 N. E. 2d 662. That statute is not applicable to trustees.

Here we do not have any question of an emergency existing. We need not consider the question of due process under such a condition or if reasonable opportunity is given to be heard promptly after a removal, where an emergency is shown.

Suffice it to say in this case that the removal was *sua sponte* without specific charges being filed and a notice given, with a reasonable opportunity to be heard. Such proceedings do not bear the characteristics of a *judicial proceeding,* but are ar-

bitrary in character and are normally outside and beyond the jurisdiction of a court. *State ex rel. Red Dragon Diner* v. *Superior Ct.* (1959), 239 Ind. 384, 158 N. E. 2d 164.

Bogert, in commenting upon the jurisdiction of the court to remove a trustee, states:

"In addition to the jurisdictional factors upon which the powers of the court are predicated, there must be a service of process in some manner reasonably calculated to give the defendant notice of the action and a reasonable opportunity to defend." Bogert, *Trusts & Trustees,* 340, §523 (2d Ed. 1960).

This court is given specifically the duty and power to issue original writs of mandate and prohibition for the purpose of confining lower courts "to their respective lawful jurisdiction." Burns' §3-2201 (1963 Supp.).

We feel this is an instance when we should exercise that jurisdiction for that purpose. *State ex rel. Caulfield* v. *Sartorius* (1939), 344 Mo. 919, 130 S. W. 2d 541; *State ex rel. Busick* v. *Ewing* (1951), 230 Ind. 188, 102 N. E. 2d 370; *State ex rel.* v. *Superior Court* (1924), 195 Ind. 174, 144 N. E. 747.

Directing our attention next to the contempt proceeding here, much the same commentary may be made as in the removal proceedings. The procedure savors too much of emotional hastiness, when it should result only after deliberate consideration. This was not a direct contempt proceeding, but was indirect in its nature. Burns' §3-908 (1946 Repl.). This statute requires that the person charged shall be entitled to have served on him the charge which " . . . shall clearly and distinctly set forth the facts which are alleged to constitute such

contempt, and shall specify the time and place of such facts with reasonable certainty. . . . "

The defendant has a reasonable opportunity to purge himself of such contempt, if it exists. Although the respondent judge says the hearing was in "open court," the verified statement of the trustee is to the effect that a conversation took place in the judge's chambers on the day she was ordered to appear, and that no formal hearing took place following the court's entry of an order holding her in contempt and removing her as trustee.

Regardless of the conflict on this point, these critical proceedings lacked, without question, the bare requirements of due process, namely, the right to be informed specifically of the charges and a reasonable opportunity to be heard thereon.

> "It is a fundamental doctrine of the law that a party to be affected by a personal judgment must have a day in court, or an opportunity to be heard. In this connection, it is sometimes declared broadly that every man is entitled to an opportunity to be heard in a court of law upon every question involving his rights or interests, before he is affected by any judicial decision on the question. The judgment of a court without hearing the party or giving him an opportunity to be heard is not a judicial determination of his rights, and is not entitled to respect in any other tribunal." 30A Am. Jur., Judgments, §26. See also: *Windsor* v. *McVeigh* (1876), 93 U. S. 274, 23 L. Ed. 914.

Significantly, the respondent judge does not, in his response, justify his finding of contempt made on January 3, 1964. No effort is made to show any cause why the contempt finding was made, other than his argument that he is "co-trustee" and has the right to dominate in the choosing of the bene-

ficiaries under the will. In our opinion, the order finding the trustee in contempt should be expunged because it was made without authority or proper charges being filed or specified, as required by the statute and due process.

Respondent judge states that he still has control of the general administration of the estate or trust, and that he has not infringed upon the proceeding before the special judge for the enforcement of the trust. However, the attempt, as we find it, to impose his choice as to who the beneficiaries should be over the choice of the trustee, interferes materially with, and goes to the very heart of the proceeding before the special judge for the enforcement of the trust. This situation thus has created a conflict and interference with the jurisdiction of the proceeding before the special judge. The record shows that on April 17, 1964 the respondent judge entered an order purporting to add the St. John's Hickey Memorial Hospital as an additional party to the complaint before the special judge.[1] This court has a duty, where there is a conflict in jurisdiction between two courts, to resolve such ques-

---

1. The relators filed originally herein a certified copy by the clerk of the court of an entry which contained the following paragraph:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that St. John's Hickey Memorial Hospital be, and it is hereby added as a party defendant to said cause.

"Read and signed in open Court this 17th day of April, 1964.

HENRY P. SCHRENKER

Henry P. Schrenker, Judge of the Superior Court of Madison County."

The respondent judge thereafter filed with us a certified copy of his order book showing the filing of a petition by the St. John's Hickey Memorial Hospital to be made a party, but omitting any action of the court, as set forth above. This conflict in the court's order book of the same date, certified by the clerk in each instance, stands without explanation as part of the records in this case.

tion and by proper action prohibit such interference. *State ex rel. Indpls. Produce Terminal* v. *Davis, J.* (1962), 243 Ind. 55, 182 N. E. 2d 589; *State ex rel. McClure, etc.* v. *Marion Sup. Ct., etc.* (1959), 239 Ind. 472, 158 N. E. 2d 264.

Finally, we come to the request of the relators that we declare the respondent judge disqualified to continue in the general administration of the trust by reason of his alleged bias and prejudice. Although the record in this case is replete with instances where the respondent judge has attempted to substitute his judgment for that of the trustee, we are not willing to say that a judge, upon petition and request, will not disqualify himself. In this case, no such petition or request has been filed with the trial court, asking the judge to do so.

The policy of this court has been that each trial court must first be given the opportunity to act by direct application and request to it in order to correct its alleged errors or rectify an alleged wrong. The record must show that such request has been made and the court has had an opportunity to act, or that circumstances have made it impossible to make such a request before we, as a higher court, see fit to intervene. *State ex rel. Riggs* v. *Vigo C. C. et al.* (1957), 236 Ind. 587, 142 N. E. 2d 214.

In *State ex rel. Parker* v. *Vosloh, Judge* (1944), 222 Ind. 518, at 522, 54 N. E. 2d 650, at 651, we directed a trial judge to disqualify himself because he was interested in an estate over which he had jurisdiction in its general administration. However, in that case, the record shows a petition and request was first made to the trial court and denied. We said:

" . . . The welfare of the judicial system requires that judges be disinterested even when acting *ex parte*. The respondent is interested both by rela-

tionship and as a debtor. What conflicts of interest may or will arise in the *ex parte* proceedings in the administration of the estate we need not inquire. His disqualification cannot be made to await an event which will disclose his partiality. The appointment of a judge entirely disinterested will avoid doubts and insure impartiality."

In this respect we observe that no party should be compelled to have his cause heard before a prejudiced judge. There has been some criticism of the liberal rules in Indiana with reference to change of judges. There is to be said on the other side, that it is better that a person have a change of judge and feel that he is being tried before a fair and impartial tribunal than to have him feel he is being forced to be tried before one who is prejudiced. Fairness and impartiality of a tribunal is one of the basic and essential requirements of justice, and no matter how nice, refined or perfect rules of procedure may be, they avail one little, if any justice, when the tribunal is partial and prejudiced. For that reason, although the statutes or the rules of this court in some cases may not provide for a change of judge, we have held that where the showing is plain that unfairness and prejudice exist and are likely to control the result, this court will step in to see that such is eliminated by a proper change. Such was the reasoning in the case of *State ex rel. Parker* v. *Vosloh, Judge* (1944), 222 Ind. 518, 54 N. E. 2d 650, as well as in the case of *State ex rel. Latham* v. *Spencer Circuit Court* (1963), 244 Ind. 552, 194 N. E. 2d 606, in which we directed the removal of a prosecutor where demonstrated hostility and antagonism existed against the real party in interest. In that case we said:

"In fact, this situation is not unlike that of a judge who admits bias, prejudice, or interest to-

ward one side in litigation before him, and who, being thereby incapacitated, is under a duty to disqualify himself in such case." *State ex rel. Latham* v. *Spencer Circuit Court, supra* at 609.

Judges should be sensitive to any indication of parties to an action that they hold any bias and prejudice in a case, and are duty bound in the interest of upholding the dignity and respect of the judiciary, to disqualify themselves where such indication is made at the proper time and under circumstances where a change may be made without prejudice to other parties involved. We assume a judge who is prejudiced or partial will disqualify himself upon request, until the contrary is shown.

The temporary writ of prohibition is made permanent, and the alternative writ of mandate is made absolute in all respects except that portion to disqualify the judge as judge in the trust proceeding, which portion of the writ, [2(d)] is dissolved.

Myers and Landis, JJ., concur. Jackson, J., concurs in result. Achor, C. J., not participating.

NOTE.—Reported in 199 N. E. 2d 88.