**STATE of Indiana ex rel. August EILTS, Theodore Eilts & Henry Eilts, as Devisees and Legatees of the Estate of Elsie K. George, Relators,**

v.

**JASPER CIRCUIT COURT and the Honorable E. Duane Daugherty, as Judge Thereof, Respondents.**

No. 37S00–9109–OR–698.

Supreme Court of Indiana.

Jan. 6, 1992.

Robert Randle, Randle & Shelmon, Rensselaer, for relators.

John R. Nesbitt, Rensselaer, for respondents.

GIVAN, Justice.

On September 10, 1991, this Court heard oral argument on a presentation of a petition for a writ of mandamus against the respondent court. The petition was denied. However, pursuant to our rules, the relator filed his petition and attendant papers with the Clerk of this Court for written consideration of the issues.

The facts are: Coexecutors of Elsie George's estate filed their interim accounting, petition to settle and allow account, and for authority to partially distribute estate on May 30, 1991. The Jasper Circuit Court set the matter for a hearing on June 19, 1991.

On June 18, 1991, relators filed objections to the accounting and filed a motion requesting a change of judge. At the June 19 hearing, the judge heard testimony on the interim accounting and took the matter

of the motion for change of judge under advisement. On June 23, 1991, the court denied the motion for change of judge.

■ Relators take the position that they are entitled to a change of judge under the authority of Ind.Code § 34–2–10–1, which reads as follows:

"In any action, proceeding, or matter, of any character or nature whatever, relating to, connected with or involving the estate of a decedent in any manner whatever, any of the parties thereto shall be entitled to change of judge or a change of venue from the county for the same reasons, and upon the same terms and conditions, upon which there may be a change of judge or a change of venue from the county on any civil action: Provided, however, That nothing herein contained shall be construed to authorize a change of venue from the county of the administration of the estate of a decedent, or to authorize a change of venue from the county upon the exceptions to the final report of an administrator or executor, and hereafter there shall be no change of venue from the county upon exceptions to the final report of an administrator or executor."

They claim that the application of this statute together with Ind.Trial Rule 75 which addresses the change of venue and change of judge requires the granting of their petition for a writ of mandate. Both this Court and the Court of Appeals have held that the right to change of venue in probate matters is limited. In *In re Estate of Posey* (1990), Ind.App., 548 N.E.2d 1205, 1209, the court stated:

"We interpret this statute to mean that the basic ministerial functions associated with administering an estate are to be performed by the court issuing the original letters testamentary or letters of general administration. *See State ex rel. Stockton v. Leopold* (1949), 227 Ind. 426, 86 N.E.2d 530."

The statute quoted above specifically states that nothing contained in the statute shall be construed to authorize a change of venue from the county upon the exceptions

to the final report of an administrator or executor. In *State ex rel. Stockton,* cited in the *Posey* case, the Court recognized that a change of judge for cause in a probate matter could be had, citing *State ex rel. Parker v. Vosloh, Judge* (1944), 222 Ind. 518, 54 N.E.2d 650. They went on to state that no such situation existed in the *Posey* case, and thus a change of judge in a decedent's estate was not available.

There is no question that many issues ancillary to an estate may give rise to litigation subject to change of venue or change of judge. For example, *see State ex rel. Gentry v. O'Byrne, Judge* (1943), 221 Ind. 282, 46 N.E.2d 687 (change of judge in will contest); *Schumacher v. Adams Cir. Ct.* (1947), 225 Ind. 200, 73 N.E.2d 689 (petition to have woman declared common-law wife of a decedent); *State ex rel. Anderson–Madison Co. Hosp. Dev. Corp. v. Superior Ct.* (1964), 245 Ind. 371, 199 N.E.2d 88 (petition to remove a testamentary trustee); and *State ex rel. Townsend, etc. v. Tipton Cir. Ct., etc.* (1961), 242 Ind. 226, 177 N.E.2d 590 (will contest).

As observed by the Court of Appeals in *Posey, supra,* there could be little doubt of a legislative intent to allow changes of venue and changes of judge in the ancillary proceedings. However, it is equally clear that they did not intend that a change of venue be granted in matters concerning the administration of the estate.

In the case at bar, we have the filing of what was designated as a "Verified Interim Account" and a "Petition To Settle and Allow Account and for Authority to Partially Distribute Estate." This is obviously not ancillary to the estate as set forth in the examples above but is as a matter of fact an integral part of the administration of the estate and certainly will become a part of the final report of the administrator.

There is no allegation in the petition for change of judge indicating any bias or prejudice of the trial judge which might disqualify him. The trial judge was correct when he held that the statute quoted above together with T.R. 75 does not permit a change of judge from the administration of the estate under the circumstances alleged in the petition.

The petition of the relators for writ of mandate is denied.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.